Curtis Ray SAMPSON,
Plaintiff–Appellant,

v.

Benjamin CIVILETTI, Attorney General,
Defendant–Appellee.

No. 79–1148.

United States Court of Appeals,
Tenth Circuit.

Submitted June 12, 1980.

Decided Oct. 14, 1980.

Michael T. Braswell, Oklahoma City, Okl., for plaintiff–appellant.

Larry D. Patton, U. S. Atty., and Stan Twardy, Asst. U. S. Atty., Oklahoma City, Okl., for defendant–appellee.

Before McKAY, LOGAN and SEYMOUR, Circuit Judges.

SEYMOUR, Circuit Judge.

After examining the briefs and the appellate record, this three–judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

Curtis Ray Sampson brought an action under 42 U.S.C. § 2000e–16 for alleged racial discrimination in federal hiring. The district court dismissed Sampson's complaint for lack of jurisdiction. Sampson has appealed. We affirm.

Sampson, a black, applied for a position as Deputy United States Marshal in the Western District of Oklahoma in December 1971. He renewed that application in February 1972. Sampson contends he was first denied employment by the Marshal's Service in May 1972. On August 12, 1972, he complained to the Equal Employment Opportunity Commission (EEOC) that he was denied employment on account of his race. He made a similar allegation in a letter to the United States Justice Department on August 29, 1973. Sampson received a letter dated September 23, 1973 from the EEOC stating that it had no jurisdiction over federal agencies and that it was closing his case and referring it to the Civil Service Commission, Oklahoma City.

The district court found that prior to filing this suit on August 28, 1978, Sampson had taken no action nor received any correspondence concerning his complaint since the EEOC letter of September 1973. The court granted defendant's motion to dismiss for lack of jurisdiction on the basis that Sampson had failed to exhaust his administrative remedies. Sampson contends on appeal that the district court improperly dismissed his suit.

[redacted] Section 717 of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–16,[1] gives federal job applicants a remedy for discriminatory hiring practices committed by federal employers. However, before an applicant can properly invoke the jurisdiction of a court under this statute he must exhaust his administrative remedies. Exhaustion is a jurisdictional prerequisite to suit under 42 U.S.C. § 2000e–16. *Bragg v. Reed,* 592 F.2d 1136, 1138 (10th Cir. 1979); *Swain v. Hoffman,* 547 F.2d 921, 923 (5th Cir. 1977); *Ettinger v. Johnson,* 518 F.2d 648, 651 (3d Cir. 1975). As the Supreme Court stated in *Brown v. General Services Administration,* 425 U.S. 820, 832, 96 S.Ct. 1961, 1967, 48 L.Ed.2d 402 (1976):

> "Section 717(c) permits an aggrieved employee to file a civil action in a federal district court to review his claim of employment discrimination. *Attached to that right, however, are certain preconditions.* Initially, the complainant must seek relief in the agency that has allegedly discriminated against him. He then may seek further administrative review with the Civil Service Commission or, alternatively, he may, within 30 days of receipt of notice of the agency's final decision, file suit in federal district court without appealing to the Civil Service Commission." (Emphasis added).

[redacted] It is evident that Sampson has not exhausted his administrative remedies. He has never made an informal complaint to an equal employment counselor in the appropriate agency as required by 29 C.F.R. § 1613.213(a) (1979).[2] Nor is there anything in the record evidencing that Sampson pursued his claim with the Civil Service Commission after having been told by the EEOC that his charge had been referred there.[3]

Exhaustion of administrative remedies serves important policies. The requirement that discrimination complaints be first presented to an agency rather than a court encourages informal, conciliation–oriented resolution of disputes and reduces the bur-

1. This section provides:

> "(a) All personnel actions affecting employees or applicants for employment ... in executive agencies (other than the General Accounting Office) as defined in section 105 of Title 5 ... and in those units of the legislative and judicial branches of the Federal Government having positions in the competitive service, and in the Library of Congress shall be made free from any discrimination based on race, color, religion, sex, or national origin.
>
> "...
>
> "(c) Within thirty days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection (a) of this section, or by the Civil Service Commission upon an appeal from a decision or order of such department, agency, or unit on a complaint of discrimination based on race, color, religion, sex or national origin, brought pursuant to subsection (a) of this section, Executive Order 11478 or any succeeding Executive orders, or after one hundred and eighty days from the filing of the initial charge with the department, agency, or unit or with the Civil Service Commission on appeal from a decision or order of such department, agency, or unit until such time as final action may be taken by a department, agency, or unit, an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action as provided in section 2000e–5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant."

2. Section 1613.213(a) provides:

> "An agency shall require that an aggrieved person who believes that he has been discriminated against because of race, color, religion, sex, or national origin consult with an Equal Employment Opportunity Counselor when he wishes to resolve the matter."

To be timely, the complaint must be made to the equal employment counselor "within 30 calendar days of the date of ... the matter causing him to believe he had been discriminated against." 29 C.F.R. § 1613.214(a)(1)(i) (1979). Sampson complained to the EEOC two and one–half months after the alleged discriminatory denial of employment, and that agency had no jurisdiction over the matter. It was not until more than a year later that the letter to the Justice Department was sent.

3. Sampson alleges on appeal that he complained to the Civil Service Commission in Oklahoma City and had "numerous contacts" with that office. However, neither this assertion nor any facts supporting it were presented to the district court. We refuse to consider the allegation in that it is raised for the first time on appeal. *See Shah v. Halliburton Co.,* 627 F.2d 1055 n. 2 (10th Cir. 1980); *Neu v. Grant,* 548 F.2d 281, 287 (10th Cir. 1977).

den on federal courts. *See Richerson v. Jones*, 572 F.2d 89, 97 (3d Cir. 1978). It is also "particularly important that the agency develop a record and have the opportunity to exercise its discretion, to apply its expertise, and, possibly, to discover and correct its own errors." *Jordan v. United States*, 522 F.2d 1128, 1132 (8th Cir. 1975).

Nevertheless, in dismissing Sampson's claim for failure to exhaust, we are not without sympathy for his plight. Exhaustion of administrative remedies can often be what its name implies, exhausting. It is easy for a person, especially one like Sampson who chooses to process his claim without the assistance of an attorney, to be tripped up by the lengthy procedures and short deadlines. Thus, the administrative requirements "are not to be interpreted in an overly technical manner." *Hoffman v. Boeing*, 596 F.2d 683, 685 (5th Cir. 1979). As stated in *Love v. Pullman Co.*, 404 U.S. 522, 527, 92 S.Ct. 616, 619, 30 L.Ed.2d 679 (1972), "[s]uch technicalities are particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers initiate the process."

When the policies behind exhaustion have been amply served, stringent conformance with technical requirements should not be insisted upon. *See Richerson v. Jones*, 572 F.2d at 97. Nor should undue technicality be allowed to work manifest injustice. The regulations setting forth the time limits for filing a discrimination complaint and presenting it to an agency recognize this by providing:

> "The agency shall extend the time limits in this section (i) when the complainant shows that he was not notified of the time limits and was not otherwise aware of them, or that he was prevented by circumstances beyond his control from submitting the matter within the time limits; or (ii) for other reasons considered sufficient by the agency."

29 C.F.R. § 1613.214(a)(ii)(4) (1979).

Sampson might initially have fit within this provision. His letter to the EEOC and the later one to the Justice Department, the very late reply from the EEOC telling him it was without jurisdiction, the lack of any reply from the Justice Department, and the absence of an attorney's assistance during the administrative stages of his complaint may indicate that Sampson was genuinely trying to utilize his administrative remedies but lacked knowledge of or was confused by the procedures. However, we question whether section 1613.214(a)(ii)(4) is applicable almost five years after the last exchange between Sampson and an administrative agency. In any event, this claim must first be made to the appropriate agency, and Sampson has not done this. Any remedy Sampson might have remaining lies at the administrative level.

We affirm the decision of the district court.