Ishmael ABDUL–RAHEEM, Plaintiff,

v.

Verne ORR, Secretary of the Air Force, Defendant.

No. CIV 85–1045–R.

United States District Court, W.D. Oklahoma.

April 10, 1986.

Michael T. Braswell, Braswell & Associates, Oklahoma City, Okl., for plaintiff.

William S. Price, U.S. Atty., Mary M. Smith, Steven K. Mullins, Asst. U.S. Attys., Oklahoma City, Okl., Judith F. Ledbetter, Mary E. Goetten, Attys., Dept. of Justice, Civil Div., Washington, D.C., for defendant.

## ORDER

DAVID L. RUSSELL, District Judge.

■ Defendant filed a Motion to Dismiss Plaintiff's individual claim of racial discrimination. Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under 42 U.S.C. § 2000e–16. *Brown v. General Services Administration*, 425 U.S. 820, 832, 96 S.Ct. 1961, 1967, 48 L.Ed.2d 402, 411 (1976); *Johnson v. Orr*, 747 F.2d 1352, 1356 (10th Cir.1984). Exhaustion of administrative remedies serves the important policy consideration of encouraging informal, conciliation-oriented resolution of disputes at the agency level. *Sampson v. Civiletti*, 632 F.2d 860, 862 (10th Cir.1980). It is important that the agency have an opportunity to exercise its discretion, to apply its expertise and to correct its own errors. *Id.*

■ The administrative procedures for an individual complaint of discrimination, 29 C.F.R. §§ 1613.201–.283, differ markedly from those governing class complaints, 29 C.F.R. §§ 1613.601–.643. Unlike individual complaints, a class complaint is initially sent outside the agency to an independent examiner for determination of the existence of a class and other procedural matters. 29 C.F.R. § 1613.604. Since the independent examiner recommended that the class complaint be rejected in this case, the agency was never able to address the merits of the complaint or attempt resolution of it.

■ Even though informed of his right to do so, Plaintiff did not proceed with an individual complaint at the administrative level after his class complaint was rejected. Plaintiff will not be allowed to deliberately bypass the opportunity for conciliation and administrative relief. *Hoffman v. Boeing*, 596 F.2d 683, 685 (5th Cir.1979). Furthermore, Plaintiff was only authorized to file a civil action challenging the agency's rejection of the class complaint. *See Wade v. Secretary of the Army*, No. CV 85–028 (S.D.Ga. Aug. 2, 1985).

Nevertheless, if this action is dismissed, Plaintiff will be unable to proceed administratively because the time limit for filing an individual administrative complaint has passed. Therefore, the agency's final decision on the class complaint is vacated and the case is remanded to the agency so that it may enter a fresh order on the basis of

which Plaintiff may file a timely individual *administrative* complaint. *See Wiggins v. United States Postal Serv.*, 653 F.2d 219, 222 (5th Cir.1981).

The Motion to Intervene, filed by numerous proposed Plaintiffs, are moot. Whenever an action is terminated, for whatever reason, there no longer remains an action in which to intervene. *Black v. Central Motor Lines, Inc.*, 500 F.2d 407, 408 (4th Cir.1974).

Accordingly, Defendant's Motion to Dismiss is denied. The agency decision is vacated and the case remanded for further proceedings in accordance with this order. All Motions to Intervene are considered moot.