Marcia J. HARRISON, Plaintiff,

v.

Verne ORR, Secretary of the Air
Force, Defendant.

No. CIV 85–1043–R.

United States District Court,
W.D. Oklahoma.

April 10, 1986.

Michael T. Braswell, John E. Johnson,
Braswell & Associates, Oklahoma City,
Okl., for plaintiff.

William S. Price, U.S. Atty., Steven K.
Mullins, Asst. U.S. Atty., Oklahoma City,
Okl., Judith F. Ledbetter, Mary E. Goetten,
Attys. Dept. of Justice, Civil Div., Washing-
ton, D.C., for defendant.

## ORDER

DAVID L. RUSSELL, District Judge.

■ Defendant filed a Motion to Dismiss
Plaintiff's individual claim of racial discrim-
ination. Exhaustion of administrative rem-
edies is a jurisdictional prerequisite to suit
under 42 U.S.C. § 2000e–16. *Brown v.
General Services Administration,* 425
U.S. 820, 832, 96 S.Ct. 1961, 1967, 48
L.Ed.2d 402, 411 (1976); *Johnson v. Orr,*
747 F.2d 1352, 1356 (10th Cir.1984). Ex-
haustion of administrative remedies serves
the important policy consideration of en-
couraging informal, conciliation-oriented
resolution of disputes at the agency level.
*Sampson v. Civilette,* 632 F.2d 860, 862
(10th Cir.1980). It is important that the
agency have an opportunity to exercise its
discretion, to apply its expertise and to
correct its own errors. *Id.*

■ The administrative procedures for
an individual complaint of discrimination,
29 C.F.R. §§ 1613.201–.283, differ mark-
edly from those governing class com-
plaints, 29 C.F.R. §§ 1613.601–.643. Unlike
individual complaints, a class complaint is
initially sent outside the agency to an inde-
pendent examiner for determination of the
existence of a class and other procedural
matters. 29 C.F.R. § 1613.604. Since the
independent examiner recommended that
the class complaint be rejected in this case,

the agency was never able to address the merits of the complaint or attempt resolution of it.

Even though informed of her right to do so, Plaintiff did not proceed with an individual complaint at the administrative level after her class complaint was rejected. Plaintiff will not be allowed to deliberately bypass the opportunity for conciliation and administrative relief. *Hoffman v. Boeing*, 596 F.2d 683, 685 (5th Cir.1979). Furthermore, Plaintiff was only authorized to file a civil action challenging the agency's rejection of the class complaint. *See Wade v. Secretary of the Army*, No. CV 85–028 (S.D.Ga. Aug. 2, 1985).

Nevertheless, if this action is dismissed, Plaintiff will be unable to proceed administratively because the time limit for filing an individual administrative complaint has passed. Therefore, the agency's final decision on the class complaint is vacated and the case is remanded to the agency so that it may enter a fresh order on the basis of which Plaintiff may file a timely individual *administrative* complaint. *See Wiggins v. United States Postal Serv.*, 653 F.2d 219, 222 (5th Cir.1981).

Accordingly, Defendant's Motion to Dismiss is denied. The agency decision is vacated and the case remanded for further proceedings in accordance with this order.