9 F.3d 1478
 63 Fair Empl.Prac.Cas. (BNA) 353,
63 Empl. Prac. Dec. P 42,689
Delbert C. KNOPP, Plaintiff-Appellee,
v.
John MAGAW, Acting Director, Bureau of Alcohol, Tobacco, and
Firearms, United States Department of the
Treasury, Defendant-Appellant.
 No. 92-6152.
 United States Court of Appeals,
Tenth Circuit.
 Nov. 19, 1993.
 
 Jeffrey Clair, Attorney, Civ. Div., Dept. of Justice (Stuart M. Gerson, Asst. Atty. Gen., James P. Laurence, Sp. U.S. Atty., Robert S. Greenspan, Attorney, Civ. Div., Dept. of Justice, with him on the brief), Washington, DC, for defendant-appellant.
 Gene A. Castleberry, Kline & Kine, P.C., Oklahoma City, OK, for plaintiff-appellee.
 Before EBEL, SETH and KELLY, Circuit Judges.
 PAUL KELLY, Jr., Circuit Judge.
 
 
 1
 The Bureau of Alcohol, Tobacco, and Firearms (ATF) appeals a district court order granting a preliminary injunction which prohibits it from transferring the Plaintiff, Mr. Knopp, an ATF supervisor, pending final disposition of his employment discrimination claim. On appeal, ATF argues that the district court lacked subject matter jurisdiction, and that Mr. Knopp did not establish irreparable injury or a likelihood of success on the merits. Our jurisdiction arises under 28 U.S.C. § 1292(a)(1). Because the district court lacked subject matter jurisdiction over the claim, we reverse.
 
 
 2
 Mr. Knopp was a supervisor in the Oklahoma City ATF office. In October 1991, he was transferred to Louisville, Kentucky after an Oklahoma City agent filed a complaint with the Equal Employment Opportunity Commission (EEOC). Mr. Knopp filed a grievance and requested a stay of his transfer. The ATF denied the stay and, on December 16, 1991, Mr. Knopp filed a discrimination claim with the EEOC, pursuant to 42 U.S.C. § 2000e-16(a). He then filed this action on January 15, 1992, seeking a preliminary injunction. The trial court initially exercised jurisdiction, but denied relief. On reconsideration, the court granted the injunction.
 
 
 3
 We review the district court's determination of subject matter jurisdiction de novo. Thomas Brooks Chartered v. Burnett, 920 F.2d 634, 641 (10th Cir.1990) (citations omitted). A federal employee may file a civil action 180 days after filing with the EEOC, or within 90 days of notice of the agency's final action. 42 U.S.C. § 2000e-16(c). Before Congress amended Title VII in 1972, federal employees had no statutory and perhaps no judicial remedy against the federal government for employment discrimination. Brown v. GSA, 425 U.S. 820, 827-29, 96 S.Ct. 1961, 1965-67, 48 L.Ed.2d 402 (1976). In Brown, the Court held that the section 2000e-16, as amended, "provides the exclusive judicial remedy for claims of discrimination in federal employment." Id. at 835, 96 S.Ct. at 1969. The Court reasoned that the amended statute's "careful blend of administrative and judicial enforcement powers" shows Congress's intent that the statute provide the exclusive means of granting relief for federal employees against the government. Id. at 832-33, 96 S.Ct. at 1967-68. In the Tenth Circuit, administrative "[e]xhaustion is a jurisdictional prerequisite to suit under 42 U.S.C. § 2000e-16." Sampson v. Civiletti, 632 F.2d 860, 862 (10th Cir.1980); see also Gulley v. Orr, 905 F.2d 1383, 1384 (10th Cir.1990); Johnson v. Orr, 747 F.2d 1352, 1356 (10th Cir.1984). Because Mr. Knopp filed his action in district court before 180 days expired from his filing with the EEOC, the district court did not have subject matter jurisdiction to hear his claim.
 
 
 4
 Mr. Knopp argues that this action is merely designed to maintain the status quo pending resolution of his EEOC claim. The relief being sought in both claims essentially is identical, however, and judicial involvement at this point clearly disrupts the balance contemplated by Congress. Preservation of judicial resources as well as the orderly administration of agency law are "best served by adherence to the straight-forward statutory command." McNeil v. United States, --- U.S. ----, ----, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993) (no jurisdiction where complainant failed to refile in district court after agency denied relief).
 
 
 5
 The district court based its jurisdiction on a line of cases allowing judicial involvement in EEOC claims pending administrative action. See Aplt.App. at 18-19. We are not persuaded by these cases. Some of the cited cases are pre-Brown and thus not persuasive, see Berg v. Richmond Unified School Dist., 528 F.2d 1208 (9th Cir.1975); Parks v. Dunlop, 517 F.2d 785 (5th Cir.1975); Drew v. Liberty Mut. Ins. Co., 480 F.2d 69 (5th Cir.1973), cert. denied, 417 U.S. 935, 94 S.Ct. 2650, 41 L.Ed.2d 239 (1974). Other cases do not address jurisdiction, see Middleton-Keirn v. Stone, 655 F.2d 609 (5th Cir.1981); McNail v. Amalgamated Meat Cutters, 549 F.2d 538 (8th Cir.1977); or do not decide it. See Bailey v. Delta Airlines, Inc., 722 F.2d 942 (1st Cir.1983); Manning v. Trustees of Tufts College, 613 F.2d 1200 (1st Cir.1980). The remaining cases cited by the district court involve claims where an employer retaliated against an employee for filing an EEOC complaint. See Wagner v. Taylor, 836 F.2d 566 (D.C.Cir.1987); Aronberg v. Walters, 755 F.2d 1114 (4th Cir.1985); Sheehan v. Purolator Courier Corp., 676 F.2d 877 (2d Cir.1981). In these cases, district courts had jurisdiction to grant injunctive relief so that a federal employer could not subvert the administrative processes through retaliation. Mr. Knopp's case, however, does not involve a retaliation claim. He filed his EEOC complaint after the ATF declined to stay his transfer. Thus, no risk exists that he might be transferred in retaliation for his EEOC complaint, thereby chilling his complaint in the first instance and depriving the court of the opportunity to review his employer's actions. The district court will have the opportunity to review Mr. Knopp's discrimination charge on its merits after 180 days have passed without an EEOC determination, or when the agency completes its administrative review. See 42 U.S.C. § 2000e-16.
 
 
 6
 The district court relied on Drew v. Liberty Mut. Ins. Co., 480 F.2d 69 (5th Cir.1973), in deciding that jurisdiction should be exercised "in that limited class of cases in which irreparable injury would otherwise result, and the likelihood of ultimate success on the merits has been established." Aplt.App. at 19, citing Drew, 480 F.2d at 72. This rule does not control here because subject matter jurisdiction must attach before the court may exercise its equitable powers. The district court's reasoning merges the jurisdiction question and the preliminary injunction inquiry. Before addressing the equitable merits, the Drew court found jurisdiction by comparing an equity action recognized under the 1964 Act with a similar action under the 1972 amendments at issue. Drew, 480 F.2d at 73. It held that the amendments did not eliminate the complainant's action because they did not constitute an exclusive administrative remedy. Id. at 72. The district court, however, did not rely on Drew's jurisdiction holding. Moreover, unlike Mr. Knopp, Ms. Drew was not a federal employee and did not file under 42 U.S.C. § 2000e-16. Brown v. GSA and our cases applying Brown have since settled the exhaustion question for federal employees.
 
 
 7
 For these reasons, we reverse and remand the cause to the district court.
 
 
 8
 REVERSED and REMANDED.