**Melba A. MONTOYA, et al., Plaintiffs,**

**v.**

**VALENCIA COUNTY, et al., Defendants.**

**Civ. No. 94–0091 JB.**

United States District Court,
D. New Mexico.

Dec. 29, 1994.

Loretta Medina, Law Offices of E. Justin Pennington, Albuquerque, for plaintiffs.

Jeffrey A. Jenkins, Henry F. Narvaez, Albuquerque, for defendants.

## MEMORANDUM OPINION AND ORDER

BURCIAGA, Senior District Judge.

THIS MATTER is before the Court on Defendants' July 15, 1994 motion to dismiss as to Plaintiffs Albita L. Gabaldon, Priscilla M. Chavez, Carmen Lopez, and Dorothy Chavez ("Plaintiffs"), and Defendants' June 13, 1994 motion for separate trials. The Court, having reviewed the submissions of the parties and the relevant law, and being otherwise fully advised in the premises, finds Defendants' motion to dismiss is well taken and is granted. Defendants' motion for separate trials is not well taken and is denied.

Plaintiffs, *inter alia*, assert claims under Title VII, 42 U.S.C. §§ 2000e to 2000e–17 (1988 & Supp.1992). In their motion to dismiss, Defendants contend the EEOC issued right to sue letters to Plaintiffs in violation of 42 U.S.C. § 2000e–5(f)(1) because their issuance occurred prior to the expiration of 180 days. Defendants argue this Court lacks subject matter jurisdiction over Plaintiffs' claims, and accordingly urge dismissal.

Plaintiffs contend that the EEOC issued premature right to sue letters because of its determination that it could not accomplish investigation and conciliation of Plaintiffs' charges within 180 days of their filing. The EEOC promulgated a procedural regulation that purports to authorize early issuance of right to sue notices upon the EEOC's determination that processing of a Title VII charge within 180 days is administratively infeasible. "[T]he Commission may issue [right to sue notices] at any time prior to the expiration of 180 days from the date of filing the charge with the Commission; provided, that [the EEOC] has determined that it is probable that the Commission will be unable to complete its administrative processing of the charge within 180 days ... and has attached a written certificate to that effect." 29 C.F.R. § 1601.28(a)(2).

It falls to this Court to assess whether this regulation is a valid exercise of rulemaking authority. Although the Court owes deference to an agency's reasonable interpretation of a statute, *Chevron, U.S.A. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 844, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984), where an agency's statutory interpretation is manifestly contrary to congressional intent, this Court must reject it. *Id.; Aluminum Co. of America v. Central Lincoln People's Utility Dist.*, 467 U.S. 380, 402 n. 3, 104 S.Ct. 2472, 2485 n. 3, 81 L.Ed.2d 301 (1984).

Section 2000e–5(f)(1) states in relevant part:

If a charge filed with the Commission ... is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge ... the Commission has not filed a civil action under this section or ... the Commission has not entered into a conciliation agreement ..., the Commission ... shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought....

42 U.S.C. § 2000e–5(f)(1). This section authorizes suit only after either the EEOC dismisses the charge, or after the EEOC has not filed a civil action or executed a conciliation agreement within 180 days. "[A] natural reading of [section 2000e–5(f)(1)] can lead only to the conclusion that it simply provides that a complainant whose charge is not dismissed or promptly settled or litigated by the EEOC may himself bring a lawsuit, but that he must wait 180 days before doing so." *Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355, 361, 97 S.Ct. 2447, 2452, 53 L.Ed.2d 402 (1977). The purpose of this provision is to promote Congress' preference for resolving Title VII disputes through EEOC-sponsored

conciliation rather than private adjudication. "Cooperation and voluntary compliance were selected as the preferred means for achieving" elimination of employment discrimination. *Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 44, 94 S.Ct. 1011, 1017, 39 L.Ed.2d 147 (1974). "The EEOC [was] created to make preliminary investigations and attempt settlements. Only if [the EEOC] is unable to secure from the respondent a conciliation agreement acceptable to the Commission is suit brought or a right to sue letter issued to the complaining party." *Trujillo v. Colorado*, 649 F.2d 823, 826 (10th Cir.1981) (quotation omitted).

 Because of these policies, administrative exhaustion is a jurisdictional prerequisite to a Title VII suit. *Knopp v. Magaw*, 9 F.3d 1478, 1479 (10th Cir.1993) (construing analogous section 2000e–16(a), governing claims against the federal government). Plaintiffs' filing of an action in district court before 180 days have expired and without EEOC dismissal deprives this Court of subject matter jurisdiction over Plaintiffs' claims. *Id.*[1]

 The EEOC's regulation permitting the EEOC to issue right to sue notices prior to passage of 180 days without dismissal of the charge is patently inconsistent with section 2000e–5(f)(1). This section authorizes early right to sue letters only after the EEOC dismisses the charge. It makes no allowance for excusing compliance on grounds of administrative infeasibility. This Court joins the opinions of those courts that have struck down this regulation, including Judge Bratton's unpublished opinion, *Bullard v. Lockheed Engineering & Sciences Co.*, Civ. No. 93–830 HB (D.N.M. Feb. 28, 1994). *See also Moteles v. University of Pennsylvania*, 730 F.2d 913, 917 (3d Cir.), *cert. denied*, 469 U.S. 855, 105 S.Ct. 179, 83 L.Ed.2d 114 (1984); *Henschke v. New York Hosp.–Cornell Med. Ctr.*, 821 F.Supp. 166, 171 (S.D.N.Y.1993); *Mills v. Jefferson Bank East*, 559 F.Supp. 34, 36 (D.Colo.1983). The Court is aware of contrary authority, *see,*

*e.g., Sims v. MacMillan*, 22 F.3d 1059, 1062–63 (11th Cir.1994), but disagrees with the assertion that compliance with section 2000e–5(f)(1) is not a jurisdictional prerequisite to judicial action. *Id.* at 1061. The rule in the Tenth Circuit is otherwise. *Knopp*, 9 F.3d at 1479.

The Court is not unsympathetic to the difficulties the EEOC faces in executing its mandate. However, the EEOC may not excuse itself from carrying out its duties by administrative fiat. The Commission must look to Congress to amend the statute or otherwise ease its regulatory burden.

Due to the Court's disposition of Defendants' motion to dismiss, only two of the six original Plaintiffs have claims properly before this Court. As such, the Court will deny Defendants' motion for separate trials. Sufficient commonality between the claims of Plaintiffs Montoya and Peigler exist to warrant a single trial.

Wherefore,

**IT IS ORDERED, ADJUDGED AND DECREED** that Defendants' motion to dismiss be, and hereby is, granted; the claims of Plaintiffs Gabaldon, Lopez, P. Chavez and D. Chavez are suspended until they exhaust their administrative remedies before the EEOC.

**IT IS FURTHER ORDERED** that Defendants' motion for separate trials be, and hereby is, denied.

---

**1.** Plaintiffs' assertion that the EEOC might have actually engaged in investigative and conciliative efforts is belied by EEOC's statement that it will not accomplish such actions within 180 days, Complaint, exhs. K–M, and by Plaintiffs' own admission that "they were not involved in conciliation efforts with Defendants through EEOC...." Plaintiffs' Response Brief at 3.