Toni DUBISAR–DEWBERRY, Plaintiff,

v.

**Joel M. FOLMAR, individually; Bruce Devane, individually and as agent of Joel Folmar and the District Attorney's office for the Twelfth Judicial Circuit of the State of Alabama; and the District Attorney's Office for the Twelfth Judicial Circuit of the State of Alabama, Defendants.**

Civ. A. No. 95–D–228–S.

United States District Court,
M.D. Alabama,
Southern Division.

April 14, 1995.

J. Rick Hollingsworth, Enterprise, AL, for plaintiff.

Anita L. Kelly, Kenneth Lamar Thoms, Montgomery, AL, for defendants.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court is defendants Joel Folmar, Bruce Devane and the District Attorney's Office for the Twelfth Judicial Circuit for the State of Alabama's amended motion to dismiss filed March 20, 1995. The plaintiff filed a response on March 30, 1995, to which the defendants replied on April 6, 1995. After careful consideration of the arguments of counsel, the caselaw and the record as a whole, the court finds that the defendants' motion is due to be granted in part and denied in part.

## JURISDICTION

The court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1343 (civil rights jurisdiction) and 28 U.S.C. § 1331 (federal question jurisdiction). The parties do not contest personal jurisdiction or venue.

## STANDARD OF REVIEW

When ruling on a motion to dismiss for failure to state a claim, the court must assume that the factual allegations in the complaint are true. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Fed.R.Civ.P. 12(b)(6). Assuming that the facts are true, a complaint may be dismissed under *Federal Rule of Civil Procedure* 12(b)(6) only "if it is clear that no relief could be granted" under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

## FACTS

Construing all the allegations of the complaint as true, the court finds the following facts controlling in this action:

The plaintiff challenges the termination of her employment, asserting that the defendants fired her because of her pregnancy, in violation of the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k). The plaintiff was hired on October 28, 1990, as a Child Support Coordinator for the District Attorney's Office for the Twelfth Judicial Circuit for the State of Alabama (hereafter "District Attorney's Office"). The plaintiff remained in said position until the date of her termination on October 31, 1993.[1] Specifically, the plaintiff asserts that after learning of her pregnancy, the defendants fired her because she was unwed and pregnant and had no future plans to marry.

The plaintiff asserts that she seasonably filed a charge of discrimination with the Equal Employment Opportunity Commission (hereafter "EEOC") and that after receiving notice of the right to sue on November 19, 1994, timely initiated this action. In her charge filed with the EEOC, the plaintiff listed as the sole respondent the District Attorney's Office.

Subsequently on February 17, 1995, the plaintiff commenced this action. The named defendants are as follows: the District Attorney's Office; District Attorney Joel Folmar (hereafter "Folmar"), sued in his individual capacity only; and Chief Investigator Bruce Devane (hereafter "Devane"), sued in his individual capacity and as an agent of Folmar and the District Attorney's Office.

The plaintiff seeks affirmative relief under 42 U.S.C. § 2000e–5(g), "including, but not limited to lost wages." Pl.'s Compl. at ¶ 10. The plaintiff further prays for a permanent injunction barring the defendants' alleged unlawful employment practices, $250,000 in compensatory damages, attorney's fees and costs of prosecuting this action.

---

1. The facts alleged in the complaint are inconsistent as to the date of the plaintiff's termination: The plaintiff avers in ¶ 6 that she was fired on October 26, 1993, while ¶ 8 asserts a termination date of October 26, 1994. Upon notifying counsel for the plaintiff of these incompatible dates, counsel verified that in fact the date she was fired was October 31, 1993.

## DISCUSSION

Title VII of the Civil Rights Act prohibits discrimination on the basis of pregnancy. The Pregnancy Discrimination Act is codified in 42 U.S.C. § 2000e(k) and specifies that:

> The terms "because of sex" or "on the basis of sex" include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work. . . .

The defendants attack the validity of the complaint, asserting as follows: (1) that under Title VII, Folmar and Devane cannot be held liable in their individual capacities; (2) that Folmar and Devane are due to be dismissed as party-defendants because they were not specifically named in the charge filed with the EEOC; (3) that the plaintiff's employment status falls within the "personal staff" exception to Title VII's definition of "employee," thus precluding the plaintiff from bringing an action under Title VII; and (4) that the plaintiff has failed to aver with particularity and specificity the alleged acts of wrongdoing by the defendants.[2] The court will address each of the defendants' arguments in seriatim.

### I. *Individual–Capacity Suits under Title VII*

■ The law is clearly established in the Eleventh Circuit that "[i]ndividual capacity suits under Title VII are . . . inappropriate. The relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act." *Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir.1991) (per curiam) (citations omitted) (emphasis original). The court further opined that " . . . the proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly." *Id.; see e.g., Smith v. Capitol City Club of Montgomery,* 850 F.Supp. 976, 979 (M.D.Ala.1994) (Thompson, J.) (finding that the 1991 Amendments to Title VII of the Civil Rights Acts did not affect the validity of *Busby* ). Thus, the significance of *Busby* is that "even though Congress defined 'employer' to include 'any agent,' 42 U.S.C.[ ] § 2000e(b), this provision does not impose individual liability but only holds the employer accountable for the acts of its individual agents." *Smith,* 850 F.Supp. at 978 (brackets supplied).

Here, the caption of the complaint indicates that the plaintiff is suing Folmar and Devane in their individual capacities. Under the authority of *Busby,* the court finds that the plaintiff's suit against the aforementioned defendants in their individual capacities cannot be maintained and is due to be dismissed.

### II. *Failure to Name Individual Defendants in the EEOC Charge*

■ In addition to dismissal of Folmar and Devane in their individual capacities, the court finds that said defendants are due to be dismissed as party-defendants because the plaintiff failed to name said defendants as respondents in the charge filed with the EEOC. Before an aggrieved employee may bring a Title VII suit in federal court, he or she must exhaust administrative remedies, which include filing a charge of discrimination with the EEOC. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 798, 93 S.Ct. 1817, 1822, 36 L.Ed.2d 668 (1973).

Exhaustion of administrative procedures serves substantial policy considerations. In *Sampson v. Civiletti,* the Court of Appeals for the Tenth Circuit observed that "[t]he requirement that discrimination complaints first be presented to an agency rather than a court encourages informal, conciliation-ori-

---

**2.** The defendants also moved the court to dismiss the complaint on the ground that after filing a charge of discrimination with the EEOC, the plaintiff failed to wait the requisite 180 days before commencing this action. Based upon the plaintiff's response filed on March 30, 1995, the defendants have withdrawn this contention. Accordingly, the court need not address the defendants' jurisdictional defense of failure to comply with the 180–day time period required under 42 U.S.C. § 2000e–5(e).

ented resolution of disputes and reduces the burden on federal courts...." 632 F.2d 860, 862–63 (10th Cir.1980). To facilitate the goals of Title VII, the charge must contain basic information, such as "[t]he full name and address of the person against whom the charge is made, if known." 29 C.F.R. § 1601.12(a)(2). However, in balancing the right to access the courts and Title VII's policy considerations of reconciliation, courts traditionally have construed liberally Title VII's administrative requirements. *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 460–461 (5th Cir.1970) [3]; *see also Cooper v. Bell,* 628 F.2d 1208, 1211 (9th Cir.1980).

For example in *Kinnally v. Bell of Pennsylvania,* 748 F.Supp. 1136 (E.D.Pa.1990), the plaintiff failed to name as respondents in her EEOC charge the president, a manager and supervisor of the defendant company. Despite the plaintiff's deficient contentions in her administrative charge, the district court found that the plaintiff's Title VII suit against said defendants should not be dismissed: The plaintiff had referred to each of the aforementioned defendants in the body of the charge. *Id.* at 1140. Moreover, each defendant had communicated with an EEO investigator about the charges and even participated at a fact-finding hearing. Thus, the court found that the defendants were sufficiently forewarned of the allegations against them and were provided an "opportunity for voluntary conciliation...." *Id.* (citations omitted).

■ Here, however, the plaintiff failed to name either Folmar or Devane as respondents in the charge.[4] Nor do the facts contained in the charge allude to, mention or suggest that allegations of discrimination were raised against either Folmar or Devane. *See Sanchez,* 431 F.2d at 462 (stating that "[t]he crucial element of a charge of discrimination is the factual statement contained therein"). Allowing the plaintiff to now as-

sert a claim against said defendants would defeat the important public policy considerations of Title VII. That is, the defendants did not have sufficient notice of the unlawful allegations asserted against them, thereby depriving the defendants and the EEOC of an opportunity to participate in conciliation and voluntarily comply with the requirements of Title VII.

### III. *"Personal Staff" Exception to Title VII's Definition of "Employee"*

Next, the defendants contend that the plaintiff's position of Child Support Coordinator falls within the "personal staff" exclusion to Title VII's definition of "employee." To succeed on her claim, the plaintiff must prove that she was an "employee" within the meaning of Title VII. Under Title VII,

[t]he term "employee" means an individual employed by an employer, except that the term "employee" shall not include any person elected to public office in any State or political subdivision of any State by the qualified voters thereof, or any person chosen by such officer to be on such officer's personal staff, or an appointee on the policy making level or an immediate advisor with respect to the exercise of the constitutional or legal powers of the office. The exemption set forth in the preceding sentence shall not include employees subject to the civil service laws of a State government, governmental agency or political subdivision.

42 U.S.C. § 2000e(f) (1994).

Whether an employee is excluded from Title VII coverage under the "personal staff" exception requires a factual analysis of the nature of the employment relationship. Factors for the court to consider include:

(1) whether the elected official has plenary powers of appointment and removal, (2) whether the person in the position at issue

---

**3.** Decisions of the Former Fifth Circuit filed prior to October 1, 1981 constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard,* 661 F.2d 1206 (1981) (en banc).

**4.** Because the plaintiff referred to the EEOC charge in her complaint but did not attach it as an exhibit, the defendants may properly submit the charge as part of their motion to dismiss.

However, consideration of the charge does not convert the motion to dismiss into a motion for summary judgment. *See Branch v. Tunnell,* 14 F.3d 449, 453–54 (9th Cir.), *cert. denied,* — U.S. ——, 114 S.Ct. 2704, 129 L.Ed.2d 832 (1994); *Romani v. Shearson Lehman Hutton,* 929 F.2d 875, 879 n. 3 (1st Cir.1991).

is personally accountable to only that elected official, (3) whether the person in the position at issue represents the elected official in the eyes of the public, (4) whether the elected official exercises a considerable amount of control over the position, (5) the level of the position within the organization's chain of command, and (6) the actual intimacy of the working relationship between the elected official and the person filling the position.

*Teneyuca v. Bexar County,* 767 F.2d 148, 151 (5th Cir.1985) (citations omitted); *see also Wall v. Coleman,* 393 F.Supp. 826 (S.D.Ga. 1975) (After analyzing the nature of the employment relationship, the court found that under Georgia law, an assistant district attorney falls within Title VII's "personal staff" exception to the definition of "employee.").

Here, the parties have not provided the court with a case based on Alabama law that expressly excludes a Child Support Coordinator from Title VII's definition of "employee," and the court's research has not divulged the same. Hence, the court finds that at this stage of the litigation, there is not an adequate factual basis to determine whether the plaintiff's employment position falls within the "personal staff" exception to Title VII's definition of "employee." Accordingly, the court finds that the motion to dismiss is in this regard due to be denied.

### IV. *Failure to Allege with Particularity the Alleged Acts of Wrongdoing*

The central purpose of a complaint is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). The court finds that the allegations of the complaint are sufficient to apprise the defendants that the plaintiff is pursuing a wrongful termination claim under Title VII and the Pregnancy Discrimination Act. Accordingly, the motion to dismiss for failure to plead with specificity is due to be denied.

### CONCLUSION

For the stated reasons, it is CONSIDERED and ORDERED that defendants Joel Folmar and Bruce Devane's motion to dismiss them as party-defendants in the above-styled case be and the same is hereby GRANTED, and that the plaintiff, Toni Dubisar–Dewberry, take nothing by her said suit against said defendants.

It is further CONSIDERED and ORDERED that the motion to dismiss the complaint because the plaintiff's employment position is excepted from Title VII's definition of "employee" be and the same is hereby DENIED. The remaining defendant in this case—The District Attorney's Office for the Twelfth Judicial Circuit for the State of Alabama—may raise this issue, if desired, in a motion for summary judgment.

It is further CONSIDERED and ORDERED that the motion to dismiss the complaint for failure to plead with particularity the alleged acts of wrongdoing be and the same is hereby DENIED.