UNITED STATES COURT OF APPEALS

Filed 10/23/96

FOR THE TENTH CIRCUIT

---

MITCHEL DON HAWKINS, on
behalf of himself and all persons
similarly situated,

      Plaintiff-Appellant,

v.

DEFENSE LOGISTICS AGENCY OF
THE DEPARTMENT OF DEFENSE,
UNITED STATES OF AMERICA,

      Defendant-Appellee.

No. 95-6441
(D.C. No. CIV-95-1479-C)
(W.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before TACHA, ALDISERT,[**] and BALDOCK, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     Honorable Ruggero J. Aldisert, Senior Circuit Judge, United States Court
of Appeals for the Third Circuit, sitting by designation.

this appeal. <u>See</u> Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Mitchel Hawkins lost his job with the defendant Defense Logistics Agency (DLA) pursuant to a reduction in force that he contends had a disparate impact on disabled employees in violation of Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791. While prosecuting an administrative claim for the alleged discrimination, plaintiff brought this action solely for injunctive relief to nullify/preclude adverse personnel actions by DLA during the pendency of the administrative proceedings. Noting that the merits of the discrimination claim underpinning this action had not been exhausted, the district court held it lacked subject matter jurisdiction and dismissed. On de novo review, <u>Knopp v. MaGaw</u>, 9 F.3d 1478, 1479 (10th Cir. 1993), we affirm for substantially the reasons stated by the district court.

This circuit deems the exhaustion of administrative remedies to be a prerequisite to federal court jurisdiction--whether invoked for legal or, as here, strictly equitable relief--in statutory discrimination cases.[1] <u>See, e.g.</u>, <u>Knopp</u>, 9

---

[1] Plaintiff's reliance on <u>Zipes v. Trans World Airlines, Inc.</u>, 455 U.S. 385 (1982), for a contrary, nonjurisdictional characterization of administrative exhaustion is misplaced. <u>Zipes</u> held only that the <u>timeliness</u> requirement for administration charges is, like a statute of limitations, subject to such equitable exceptions as waiver, estoppel, and tolling. <u>Id.</u> at 393. That holding does not undercut this court's <u>exhaustion</u> rule--adhered to before and after <u>Zipes</u>--that the
(continued...)

F.3d at 1479; Khader v. Aspin, 1 F.3d 968, 970-71 (10th Cir. 1993). Thus, in

Knopp, we held that the district court exceeded its authority by granting precisely

the sort of injunctive relief sought here, involving judicial intervention in pending

administrative proceedings, because "subject matter jurisdiction must attach

before the court may exercise its equitable powers."[2] 9 F.3d at 1479-80.

As plaintiff notes, however, this court has acknowledged that,

notwithstanding its jurisdictional character, the principle of administrative

exhaustion "is not indiscriminately applied to block judicial action in every

circumstance where a litigant has failed to explore his administrative avenues of

relief." New Mexico Ass'n for Retarded Citizens v. New Mexico, 678 F.2d 847,

850 (10th Cir. 1982). More specifically, we have recognized an exception based

on considerations of delay and consequent prejudice: "Nor will exhaustion of

administrative remedies be required where it would result in irreparable harm.

---

[1](...continued)
administrative process must still be pursued before jurisdiction in federal court
can be invoked. Accord Davis v. North Carolina Dep't of Correction, 48 F.3d
134, 140 (4th Cir. 1995); Bullard v. Sercon Corp., 846 F.2d 463, 468 (7th Cir.
1988); Worrell v. Uniforms To You & Co., 673 F. Supp. 1461, 1462-63
(N.D. Cal. 1987).

[2]     In contrast to unauthorized attempts by private parties to obtain premature
judicial intervention in the administrative process, if the EEOC "concludes on the
basis of a preliminary investigation [of a pending administrative charge] that
prompt judicial action is necessary," the EEOC (or, in federal employment cases,
the Attorney General) "may bring an action [in federal court] for appropriate
temporary or preliminary relief [under Fed. R. Civ. P. 65] pending final
disposition of such charge." 42 U.S.C. § 2000e-5(f)(2).

This is especially true where time is crucial to the protection of substantive rights and administrative remedies would involve delay." Martinez v. Richardson, 472 F.2d 1121, 1125 n.10 (10th Cir. 1973). Plaintiff invokes this exception, but we deem it inapposite for several reasons.

The court in Martinez faced an extraordinary situation--a valid constitutional challenge to the procedures of the very agency presiding over the administrative process the plaintiffs would have been required to exhaust--that has no analogue here. Moreover, the Martinez court was not constrained, as we are, by "all fours" precedent rejecting precisely the sort of judicial relief sought. Further, the remedial administrative process in Martinez was "long and tedious" and therefore deemed "grossly inadequate," id. at 1125, while the statutory procedures here specifically incorporate a number of safeguards against administrative delay. See 42 U.S.C. § 2000e-5(b), (f). Finally, as for irreparable harm, plaintiff's vague reference to unidentified employment "skills which will likely be lost during administrative appeals," Appellants' Brief in Chief at 9, falls far short of the imminent threat of death to the ill, elderly plaintiffs identified in Martinez.

Plaintiff prematurely invoked the jurisdiction of the district court, and his application for injunctive relief was properly dismissed under Fed. R. Civ. P. 12(b)(1) accordingly. If and when the jurisdictional prerequisites are met and

judicial review commences, this nonmerits disposition shall not preclude plaintiff from then seeking equitable protection of his interests pursuant to 42 U.S.C. § 2000e-5(g). See Fed. R. Civ. P. 41(b).

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court


Deanell Reece Tacha
Circuit Judge