**F I L E D**

**UNITED STATES COURT OF APPEALS**

**DEC 9 1999**

**TENTH CIRCUIT**

_____

RONNIE WRIGHT,

    Plaintiff-Appellant,

v.

WILLIAM HENDERSON; UNITED
STATES POSTAL SERVICE,

    Defendants-Appellees.

No. 99-1234
(D. Colo.)
(D.Ct. No. 98-M-2458)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **EBEL**, and **LUCERO**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Ronnie Wright appeals *pro se* the district court's decision dismissing his Title VII discrimination action for lack of jurisdiction for failure to exhaust his administrative remedies.[1] We exercise our jurisdiction under 28 U.S.C. § 1291 and affirm.

Mr. Wright is an employee of the United States Postal Service. In September 1995, the Postal Service did not select Mr. Wright for the supervisor position for which he applied. After contacting an Equal Employment Opportunity Commission counselor, Mr. Wright filed a discrimination complaint, which was referred to an Equal Employment Opportunity Commission administrative judge, who issued a decision recommending a finding of no discrimination. On July 1, 1998, the Postal Service issued a Final Agency Decision adopting the administrative judge's findings and conclusions. On August 10, 1998, Mr. Wright appealed the Final Agency Decision to the Equal Employment Opportunity Commission.

Before the Equal Employment Opportunity Commission acted on his

---

[1] The district court also denied Mr. Wright's motion for leave to proceed on appeal pursuant to 28 U.S.C. § 1914 and Fed. R. App. P. 24. Mr. Wright, on appeal, moves to proceed without prepayment of costs or fees.

administrative appeal, Mr. Wright filed a complaint with the federal district court on November 10, 1998, alleging jurisdiction pursuant to 42 U.S.C. § 2000e and 28 U.S.C. §§ 1331 and 1343(A)(1) & (4). The government filed a motion to dismiss for lack of jurisdiction, to which the district court ordered Mr. Wright respond by February 16, 1999. Mr. Wright did not respond, and on April 13, 1999, the district court granted the government's motion to dismiss, concluding "there is no jurisdiction for this civil action."

On appeal, Mr. Wright sets forth numerous arguments on the merits of his case. As to the jurisdictional issue, he claims the district court retained jurisdiction because the administrative judge "Relest [sic] All Document[s] From EEOC So I Could File In Civil Court." He also contends he filed a response to the government's motion to dismiss, as evidenced by cameras in the federal court building which would show his presence in the building on February 16, 1999.

"We review *de novo* the district court's dismissal of an action for lack of subject matter jurisdiction." *Jones v. Runyon*, 91 F.3d 1398, 1399-1400 (10th Cir. 1996), *cert. denied*, 520 U.S. 1115 (1997) (citation omitted). Prior to filing a Title VII action in district court, a federal employee is required to exhaust his administrative remedies as a jurisdictional prerequisite to suit under Title VII. *Id.*

-3-

at 1399. A person may file suit in district court 180 days after filing with the Equal Employment Opportunity Commission or within ninety days of the agency's final action. *See Knopp v. Magaw*, 9 F.3d 1478, 1479 (10th Cir. 1993) (citing 42 U.S.C. § 2000e-16(c)).

In this case, Mr. Wright elected to file an appeal with the Equal Employment Opportunity Commission. Because Mr. Wright waited only ninety-two days, not the required 180 days, to file his complaint in federal district court, his complaint was premature. Accordingly, he failed to exhaust his administrative remedies, and therefore deprived the district court of subject matter jurisdiction to hear his claims. While Mr. Wright contends the district court possessed jurisdiction, he provides no competent argument nor evidence on appeal to support this claim. Nor does he offer any evidence – such as a copy of his response to the government's motion – to support his claim to dismiss.

For these reasons, Mr. Wright's motion for leave to proceed on appeal without prepayment of costs or fees is denied and the district court's dismissal of the complaint is **AFFIRMED**.

Entered by the Court:

**WADE BRORBY**
United States Circuit Judge

-4-