F I L E D
United States Court of Appeals
Tenth Circuit

MAY 1 2003

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

CLIFFORD FEASTER,

          Petitioner-Appellant,

v.

DAYTON J. POPPELL, Warden;
DREW EDMONDSON; STATE OF
OKLAHOMA; THE OKLAHOMA
DEPARTMENT OF CORRECTIONS;
THE ATTORNEY GENERAL OF
THE STATE OF OKLAHOMA,

          Respondents-Appellees.

No. 03-6078

ORDER

Before **HENRY** , **BRISCOE** and **LUCERO** , Circuit Judges.

Clifford Feaster, a state prisoner appearing *pro se* through a "next friend," Rudy Jaquez, requests a stay or injunction pending the appeal of the denial of his federal habeas corpus petition. Reading his pleadings liberally, Mr. Feaster seems to request (1) a "full and fair hearing" on probated matters he challenged in Oklahoma state court, (2) an order requiring respondents to move him to a hospital and to give him a competency hearing, and (3) appointment of counsel for his state probate matters. *See* Pet. for Stay at 1.

Mr. Feaster's federal habeas petition was dismissed without prejudice for lack of exhaustion and for failure to state a cognizable habeas claim. The district court determined that (1) Mr. Feaster had not exhausted his state remedies regarding the challenges to his convictions because permission to file a direct appeal had been recently granted out of time in state court and the case was remanded for appointment of counsel; (2) his claims seeking placement in a hospital were not cognizable under the habeas statutes and would have to be administratively exhausted before he could file a complaint pursuant to 42 U.S.C. § 1983; and (3) his claims regarding the state-court probate proceeding also were not proper habeas claims.

Mr. Feaster filed a notice of appeal. On April 7, 2003, the district court denied his request for a certificate of appealability (COA). *See* 28 U.S.C. § 2253(c)(1) (providing that appeal may not be taken unless a COA is first granted). The requirement that a COA be granted before we may take the appeal is jurisdictional. *See Adams v. LeMaster*, 223 F.3d 1177, 1179 (10th Cir. 2000). And, we must have jurisdiction over a matter before we may exercise our equitable powers to grant injunctive relief. *See Knopp v. Magaw*, 9 F.3d 1478, 1479-80 (10th Cir. 1993) ("subject matter jurisdiction must attach before the court may exercise its equitable powers"); *Desktop Direct, Inc. v. Digital Equip. Corp.*, 993 F.2d 755, 756-57 (10th Cir. 1993) (determining appellate jurisdiction before

considering merits of petition for stay). Thus, we must first determine whether Mr. Feaster has "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), in his underlying habeas petition before we consider the merits of the petition for injunctive relief. We conclude that he cannot make such a showing for substantially the same reasons stated in the magistrate judge's report and recommendation issued February 6, 2003, and adopted by the district court in its February 26, 2003, order.

Mr. Feaster is given leave to proceed before this court in forma pauperis. We DENY a COA, DISMISS the appeal, and DENY the petition for injunctive relief and all other outstanding motions as moot.

Entered for the Court
PATRICK FISHER, Clerk


By:
 Deputy Clerk