**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 31, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DONALD DIMSDALE,

      Plaintiff - Appellant,

v.

MARY E. PETERS, Secretary,
Department of Transportation Federal
Aviation Administration,

      Defendant - Appellee.

No. 06-6281
(D.C. No. 05-CV-544-L)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.[**]

      Plaintiff-Appellant Donald Dimsdale appeals the district court's grant of

summary judgment in favor of Maria Cino, formerly the Acting Secretary of the

Department of Transportation.[1]  Mr. Dimsdale filed this lawsuit seeking damages

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

[1] Pursuant to Fed. R. Civ. P. 25(d)(1), Secretary Mary E. Peters has been automatically substituted as a party to this action.  She succeeds Maria Cino, who,

"for discrimination, reverse affirmative action, failure to hire, age discrimination, marital status [discrimination], black list[ing] and [dis]honorable hiring practices." R. Doc. 1 at 1-2. The court held that Mr. Dimsdale had failed to exhaust administrate remedies with respect to his marital status, blacklisting, and dishonorable practices claims. It further held that his race and age discrimination claims were time-barred. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

## Background

Mr. Dimsdale was hired as an air traffic controller by the Federal Aviation Administration (FAA) on June 11, 1973. However, as with all new hires at the time, Mr. Dimsdale was required to spend the first year of his employment in a probationary period. On May 20, 1974, Mr. Dimsdale resigned his position with the FAA in lieu of termination. R. Doc. 13, Ex. 12 at 1, ¶ 2. He claims that he did so because his supervisor physically attacked him, said he did not approve of Mr. Dimsdale's lifestyle (apparently alluding to the fact that Mr. Dimsdale was recently divorced), and threatened to terminate him and make sure he never worked for the FAA again. See Aplt. Br. at 2.

Thereafter, Mr. Dimsdale reapplied to the FAA on November 12, 1974, and

as Acting Secretary, succeeded former Secretary Norman Mineta, the original defendant in this action. For simplicity, the defendant will be referred to as "the Secretary."

at least once a year between 1976 and 1998. On August 13, 2002, he filed a formal complaint with the FAA alleging discrimination based on race and age. The case was referred to an Administrative Law Judge (ALJ), who found that Mr. Dimsdale failed to establish a prima face case of discrimination. The ALJ further determined that the claims were barred because Mr. Dimsdale had not timely contacted an Equal Employment Opportunity Counselor in advance of filing his claims concerning discrimination at a federal agency, as required by 29 C.F.R. § 1614.105(a)(1). The Equal Employment Opportunity Commission Office of Federal Operations affirmed the decision rejecting Mr. Dimsdale's claim on February 17, 2005.

On May 17, 2005, Mr. Dimsdale filed this lawsuit in the district court. The Secretary moved to dismiss, which the court construed as a motion for summary judgment because both parties had submitted evidence outside of the pleadings. The district court granted the motion for summary judgment on July 13, 2006, and this appeal followed.

## Discussion

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The burden rests on the moving party to establish that no material factual disputes exist, but the party opposing the motion "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). In determining whether a genuine factual issue is present, the court must view the evidence in the record–and all reasonable inferences that may be drawn from it–in the light most favorable to the non-moving party. Young v. Dillon Cos., Inc., 468 F.3d 1243, 1249 (10th Cir. 2006). We review the district court's grant of summary judgment de novo. Id.

I.     Failure to Exhaust Administrative Remedies

As noted, the district court granted summary judgment against Mr. Dimsdale with respect to his blacklisting, marital-status discrimination, and dishonorable hiring claims because he failed to exhaust administrative remedies. The law is clear that, before the court may reach the merits of an employment discrimination claim against a federal agency, the plaintiff must satisfy the court that he has exhausted his administrative remedies. Woodman v. Runyon, 132 F.3d 1330, 1341 (10th Cir. 1997); see also Sizova v. Nat'l Inst. of Standards & Tech., 282 F.3d 1320, 1325 (10th Cir. 2002). In order to comply with this requirement, an aggrieved party must file a formal complaint with the federal employer's EEO office detailing the discrimination he claims to have suffered. See 29 C.F.R. § 1614.106; Knopp v. Magaw, 9 F.3d 1478, 1479 (10th Cir. 1993). Only after doing so may the employee bring his claim in federal court. 42 U.S.C.

§ 2000e-16(c).

On appeal, Mr. Dimsdale does not dispute that he failed to comply with these requirements. Instead, he claims that "[s]ince 1974 I have tried to Administratively [sic] correct the effects of this discrimination," Aplt. Br. at 2, including in the record the many letters he has written to various FAA officials since his resignation. Mr. Dimsdale further argues that "[d]iscrimination is discrimination, no matter how long ago it took place." Id.

Unfortunately for Mr. Dimsdale, the record is abundantly clear that he has failed to comply with the law's exhaustion requirement. Regardless of whether he suffered discrimination, Congress has set in place a series of administrative steps that must be taken before a plaintiff has recourse to the federal courts. Accordingly, the district court correctly concluded that it lacked jurisdiction over his blacklisting, marital-status discrimination, and dishonorable hiring claims, given that no formal complaint was ever filed. See Sizova, 282 F.3d at 1325.

II.    Failure to Contact an EEO Counselor Within Forty-Five Days

On the other hand, Mr. Dimsdale did seek administrative relief with respect to his claims of discrimination based on race and age. Nevertheless, the district court held that these claims were untimely because he failed to seek the assistance of an EEO counselor within forty-five days as required by 29 C.F.R. § 1614.105(a)(1). The court noted that Mr. Dimsdale last applied to the FAA in 1998 but did not consult a counselor until 2002, making his claims

"extraordinarily stale." R. Doc. 22 at 5.

Mr. Dimsdale contends that the EEOC excused his failure to contact a counselor within forty-five days, and he urges us to do so, as well. Aplt. Br. at 4. Mr. Dimsdale is correct that the Commission is empowered to extend the time limit "for . . . reasons considered sufficient by the . . . Commission." 29 C.F.R. § 1614.105(a)(2). However, the record contains no evidence indicating that the Commission extended the time limit for Mr. Dimsdale. The mere fact that a counselor met with Mr. Dimsdale and attempted to assist him in informally resolving his claims does not "waive" the forty-five day time limit as Mr. Dimsdale suggests. The regulation places no limits on when an aggrieved party may contact a counselor if all he seeks is an informal resolution of his complaint; however, if an aggrieved party wishes to pursue a formal complaint or a lawsuit, he must contact the Counselor within forty-five days. Id. § 1614.105(a)(1). Mr. Dimsdale's failure to do so was not excused, and it compelled the district court to grant summary judgment in favor of the Secretary.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge