**Russell HARRIS, Plaintiff,**

v.

**UNITED AIR LINES, INC., Defendant.**

**No. 95 C 7392.**

United States District Court,
N.D. Illinois,
Eastern Division.

Dec. 20, 1996.

William B. Thompson, Wheaton, IL, for Russell Harris.

James W. Gladden, Jr., Kristen Wenstrup Crosby, Mayer, Brown & Platt, Chicago, IL, for United Airlines, Inc.

*MEMORANDUM OPINION AND ORDER*

ANN CLAIRE WILLIAMS, District Judge.

On March 6, 1996, Plaintiff Russell Harris ("Harris") filed a three-count amended complaint against Defendant United Air Lines, Inc. ("United"), alleging discrimination on the basis of gender in violation of Title VII, discrimination on the basis of disability in violation of the Americans with Disabilities Act ("ADA"), and retaliatory discharge. Pursuant to Rule 56 of the Federal Rules of Civil Procedure, United moves this court for summary judgment on all three counts of the complaint. For the reasons set forth below, the court grants United's motion for summary judgment on all counts.

### Background

Harris was hired by United on July 3, 1985, as a ramp serviceman. (Harris Dep. at 12). Harris' primary responsibilities included manually loading and unloading baggage, mail,· and freight from the cargo holds of airplanes. (Harris Dep. at 13, 167–69). Harris performed these tasks while kneeling. (Harris Dep. at 168–69). On October 3, 1994, Harris reported a knee injury to United. (Harris Dep. at 95). A physician from United's medical department examined Harris on October 3, 1994, and placed him on temporary light-duty status. (Harris Dep. at 95–96). A few weeks after his injury, Harris' own physician examined him and placed further work restrictions [1] on him effective October 18, 1994. (Harris Dep. 170–72; Harris Dep. Ex. 19). As a result, Harris was assigned to temporary light duty work consistent with his restrictions. (Harris Dep. at 178–79). However, the only work that Harris could perform without discomfort after his injury was not permanently available within United. (Harris Dep. at 187–89, 222–23).

United's Rules of Conduct require that all ramp service employees maintain a satisfactory record of dependability. (Rules of Conduct; Schneider Aff. at ¶ 3). When an employee is frequently absent or tardy, United

---

1. Harris' personal physician prohibited him from squatting, climbing, and "pit work," which consists of loading and unloading baggage and freight from an airplane. (Harris Dep. at 172; Harris Dep. Ex. 19).

reviews his record to determine whether the employee has maintained a record demonstrating he is a dependable employee. (Schneider Aff. at ¶ 3).

United utilizes a progressive discipline system. (Harris Dep. Ex. 2 at 121). Employees who are excessively absent or tardy are first counseled and then disciplined for failure to maintain a satisfactory dependability record. (Schneider Aff. at ¶ 4). An employee generally receives a level one disciplinary warning for his first incident and then graduates to higher levels if the conduct continues, until termination at level five. (Schneider Aff. at ¶ 5). Because of the severity of discipline at levels four and five, United conducts investigative review hearings before imposing discipline. (Harris Dep. Ex. 2 at 51; Schneider Aff. at ¶ 6). At these hearings, employees are represented by the union and have the opportunity to challenge the discipline United seeks to impose. (Harris Dep. Ex. 2 at 51; Schneider Aff. at ¶ 6).

Harris was first verbally counseled for his unsatisfactory dependability record in November 1987. (Harris Dep. Ex. 1; Harris Dep. at 26). Between 1988 and April 1994, United disciplined Harris on six separate occasions for his lack of dependability. (Harris Dep. Exs. 3–11; Harris Dep. at 27–28, 30, 33, 35, 38–39, 48, 50). After United issued Harris a level five discipline, it held an investigatory hearing at which United issued Harris a written warning and offered him one final chance to improve his dependability record and retain his job. (Harris Dep. Ex. 11; Harris Dep. at 59–61).

After the warning, Harris understood that he would be discharged if he failed to improve his dependability record. (Harris Dep. at 61, 198). On November 16, 1994, United terminated Harris because he incurred two unauthorized absences during the six months following the final warning. (Harris Dep. Ex. 14; Harris Dep. at 84–85). After reviewing Harris' case, the union decided not to pursue further action on behalf of Harris. (Harris Dep. Ex. 15; Harris Dep. at 88–89).

On August 25, 1995, Harris filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging disability discrimination and retaliatory discharge for filing a workers' compensation claim. (Harris Dep. Ex. 18; Harris Dep. at 130–31). In relevant part, the charge alleges: "My supervisors discriminated against me because of my disability, caused by a job-accident, for which I am getting workers [sic] compensation. Also, they retaliated against me both because of my job-injury and because my wife also works for United and has a reported injury." (Harris Dep. Ex. 18). However, Harris failed to mark the box on the EEOC charge alleging sex as a cause of discrimination. (Harris Dep. Ex. 18; Harris Dep. at 131).

On March 6, 1996, Harris filed a three-count amended complaint against United alleging discrimination on the basis of gender in violation of Title VII, discrimination on the basis of disability in violation of the Americans with Disabilities Act ("ADA"), and retaliatory discharge.

### Summary Judgment

The court must decide whether Harris has set forth sufficient facts demonstrating that a genuine issue of material fact exists for trial. Federal Rule of Civil Procedure 56 states that summary judgment is proper if the record discloses no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288–89, 88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569 (1968)). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In addition, "motions for summary judgment in discrimination cases must be decided with particular care, given the extent to which the merits often turn on questions of credibility and intent." *Veprinsky v. Fluor Daniel, Inc.*, 87 F.3d 881, 893 (7th Cir.1996); *see also Sample v. Aldi Inc.*, 61

F.3d 544, 547 (7th Cir.1995) (summary judgment standard applied with added rigor in employment discrimination cases).

The alleged existence of a material factual dispute does not defeat an otherwise properly supported motion. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. It follows that summary judgment is appropriate "if the evidence is merely colorable ... or is not significantly probative...." *Anderson,* 477 U.S. at 249–50, 106 S.Ct. at 2511. In other words, summary judgment is proper if the party opposing the motion fails to establish an essential element of her case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). In evaluating the summary judgment motion, the court must interpret the facts in the light most favorable to the nonmoving party. *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513–14. Furthermore, the summary judgment inquiry as to whether a genuine issue exists will be whether the evidence presented is such that a jury could reasonably find for either the plaintiff or the defendant. *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513–14.

### Analysis

## I. SEXUAL DISCRIMINATION CLAIM

### A. Administrative Remedies

As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in his EEOC charge. *Cheek v. Western & Southern Life Ins. Co.,* 31 F.3d 497, 500 (7th Cir.1994) (citing *Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 47, 94 S.Ct. 1011, 1019, 39 L.Ed.2d 147 (1974)); *Harper v. Godfrey Co.,* 45 F.3d 143, 147–48 (7th Cir.1995). This rule serves a dual purpose: affording the EEOC an opportunity to settle the dispute between the employee and the employer and also putting the employer on notice of charges against it. *Rush v. McDonald's Corp.,* 966 F.2d 1104, 1110 (7th Cir.1992). Although the rule is not jurisdictional, it is a condition precedent with which Title VII plaintiffs must comply. *Cheek,* 31 F.3d at 500 (citing *Babrocky v. Jewel Food Co.,* 773 F.2d 857, 864 (7th Cir.1985)).

Nevertheless, a Title VII plaintiff need not allege each and every fact in his EEOC charge that combines to form the basis of each claim in his complaint. *Cheek,* 31 F.3d at 500 (citing *Taylor v. Western & Southern Life Ins. Co.,* 966 F.2d 1188, 1195 (7th Cir. 1992)). The Seventh Circuit has recognized claims in a complaint that are "like or reasonably related to the allegations of the [EEOC] charge and growing out of such allegations." *Jenkins v. Blue Cross Mutual Hosp. Ins., Inc.,* 538 F.2d 164, 167 (7th Cir.) (en banc) (quoting *Danner v. Phillips Petroleum Co.,* 447 F.2d 159, 162 (5th Cir.1971), *cert. denied,* 429 U.S. 986, 97 S.Ct. 506, 50 L.Ed.2d 598 (1976)); see *Harper,* 45 F.3d at 148; *Cheek,* 31 F.3d at 500. This test is satisfied if there is a reasonable relationship between the allegations in the charge and the claims in the complaint, and the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge. *Cheek,* 31 F.3d at 500. This test grants a Title VII plaintiff significant leeway. *Cheek,* 31 F.3d at 500.

In this case, a reasonable jury could not find that the claim of sex discrimination in Harris' complaint is reasonably related to his EEOC charge, even under the broad standard applied by the Seventh Circuit. Harris alleges nothing in his EEOC charge that would even remotely establish a claim for discrimination on the basis of his gender. Harris did not mark the box labeled "sex discrimination" on his EEOC charge form. In addition, the body of the charge contains no reference to sex discrimination.

Rather, the EEOC charge merely contains the ambiguous statement that "they [United] retaliated against me ... because my wife also works for United and has a reported injury." (Harris Dep. Ex. 18). There is simply nothing in Harris' EEOC charge that suggests he was treated differently because of his gender. Therefore, a reasonable jury could not find that the sex discrimination claim in Harris' complaint is reasonably related to allegations contained in his EEOC charge.

## B. Statute of Limitations

Under Title VII, a plaintiff must file a charge of discrimination with the EEOC within 300 days after the alleged unlawful employment practice. 42 U.S.C. § 2000e–5(e)(1) (1994). "A plaintiff's action accrues when he discovers that he has been injured, not when he determines that the injury was unlawful." *Thelen v. Marc's Big Boy Corp.*, 64 F.3d 264, 267 (7th Cir.1995); *see also Teumer v. General Motors Corp.*, 34 F.3d 542, 550 (7th Cir.1994) (argument that claim did not accrue until plaintiff ascertained unlawful nature is meritless). Thus, the limitations period begins once the employee is aware of the adverse act, even if the full effects of that act are not felt until a later date. *Delaware State College v. Ricks*, 449 U.S. 250, 258, 101 S.Ct. 498, 504, 66 L.Ed.2d 431 (1980); *see also Gustovich v. AT & T Communications, Inc.*, 972 F.2d 845, 847 (7th Cir.1992) (plaintiff's time begins to run "when the employer communicates an adverse employment decision to the employee, not when the full consequences of that action are felt"). Although the issue of when a cause of action accrues is somewhat fact-sensitive, the issue may be determined as a matter of law where the relevant facts are undisputed and they lead to only one possible conclusion. *Horn v. A.O. Smith Corp.*, 50 F.3d 1365, 1370 (7th Cir.1995).

Because both parties do not dispute the relevant facts, the court may determine when Harris' cause of action accrued as a matter of law. In this case, Harris' claim for sex discrimination is time-barred. Assuming, arguendo, that Harris' claim of gender-based discrimination was included in or reasonably related to his EEOC charge, the statute of limitations period has expired. Harris testified repeatedly that his sex discrimination charge was based solely on United's differential treatment toward his wife and him regarding their requests for authorized absences from work on April 4, 1994. (Harris Dep. at 124, 128–29, 141, 211). Harris also testified that he knew one or two months after April 4, 1994, that United treated his absence as unauthorized while it treated his wife's absence as authorized. (Harris Dep. at 126–28).

The limitations period for Harris' sex discrimination claim began to run when he became aware—one or two months from April 4, 1994—that United was treating his absence as unauthorized, even if the full effects of that unauthorized absence are not felt until a later date. However, he did not file his EEOC charge until August 25, 1995, more than 300 days after he knew that his absence was unauthorized. (Harris Dep. Ex. 18). Thus, Harris' claim for sex discrimination is time-barred because the statute of limitations expired before he filed his complaint alleging gender-based discrimination.

Harris has failed to set forth sufficient facts demonstrating that a material issue of fact exists as to the relatedness of his EEOC charge and his complaint and the beginning of the statute of limitations period. Therefore, United's motion for summary judgment is granted as to Harris' claim for discrimination based on gender.

## II. DISABILITY DISCRIMINATION CLAIM

The Americans with Disabilities Act ("ADA") provides that no employer "shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to ... discharge of employees ... and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a) (1994). A plaintiff may prove discrimination by either direct or circumstantial evidence that he was fired because of his disability. *DeLuca v. Winer Indus., Inc.*, 53 F.3d 793, 797 (7th Cir.1995). Although Harris does not present any direct evidence that he was terminated due to his disability, he nonetheless may prove discrimination indirectly by using the *prima facie* case and burden shifting method originally established for Title VII cases in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and refined in *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), and *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). *DeLuca*, 53 F.3d at 797. Even though the Seventh Circuit has declined to formally adopt such an analysis in ADA

cases, it has analyzed ADA cases using this method. *Id.* at 797.

The *prima facie* case requires a plaintiff to prove that (1) he is a member of a protected class—a qualified individual with a disability;[2] (2) his work performance met the employer's legitimate job expectations; and (3) his employment was terminated. *Id.* at 797; *see also Collier v. Budd Co.*, 66 F.3d 886, 889 (7th Cir.1995) (prima facie case in reduction-in-force context). The ADA defines "a qualified individual with a disability" as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8) (1994). "[E]ssential functions" are defined as "the fundamental job duties of the employment position the individual with a disability holds or desires" and do not include "the marginal functions of the position." 29 C.F.R. § 1630.2(n)(1) (1996). Furthermore, "[i]ntermittent, episodic impairments are not disabilities" under the ADA. *Vande Zande v. Wisconsin Dept. of Admin.*, 44 F.3d 538, 544 (7th Cir.1995); *see also Blanton v. Winston Printing Co.*, 868 F.Supp. 804, 807 (M.D.N.C.1994) (knee injury that prevented plaintiff from working is a "temporary injury" that does not qualify as a disability under the ADA).

Once a plaintiff establishes all three elements, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for discharging the plaintiff. *DeLuca,* 53 F.3d at 797. If the defendant meets this burden, the plaintiff then must prove by a preponderance of the evidence that "the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Sample v. Aldi Inc.*, 61 F.3d 544, 547 (7th Cir.1995) (quoting *Burdine,* 450 U.S. at 253, 101 S.Ct. at 1093). A plaintiff may prove pretext either "directly with evidence that [the employer] was more likely than not motivated by a discriminatory reason, or indirectly by evidence that the employer's explanation is not credible." *DeLuca,* 53 F.3d at 797 (quoting *Sarsha v.*

*Sears. Roebuck & Co.*, 3 F.3d 1035, 1039 (7th Cir.1993) (citations omitted)). Moreover, "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Hicks,* 509 U.S. at 507, 113 S.Ct. at 2747 (quoting *Burdine,* 450 U.S. at 253, 101 S.Ct. at 1093).

■ In this case, Harris fails to establish a *prima facie* case. A reasonable jury could not find that Harris was a "qualified individual" under the ADA. At his deposition, Harris testified that he was unable to perform the essential functions of his position as a ramp serviceman as of October 3, 1994—the date of his alleged injury. (Harris Dep. at 165). Harris' essential functions as a ramp serviceman were to manually load and unload baggage, freight, and mail. (Harris Dep. at 167–69). By admitting that he cannot perform the essential functions of his position as a ramp serviceman, Harris removes himself from the ADA's definition of "a qualified individual with a disability."

■ Further, Harris testified that he became physically unable to perform these functions as a result of the injury to his knee. (Harris Dep. at 165, 168–69). The injury to Harris' knee may be considered a temporary impairment that is not a disability under the ADA. *Blanton,* 868 F.Supp. at 807. Thus, no reasonable jury could conclude that Harris was a "qualified individual with a disability" under the ADA on the facts Harris alleges.

■ Assuming, arguendo, that Harris did qualify as a "qualified individual with a disability" under the ADA, it is obvious that Harris did not meet United's legitimate job expectations. United continually counseled and disciplined Harris over the course of his employment for repeated absences and excessive tardiness. (Harris 12(M) at ¶ 18–21). In fact, six months prior to Harris' termination, United issued him a final warning that he would be terminated unless his dependability improved. (Harris Dep. Ex. 11; Harris Dep. at 61). Therefore, no reasonable jury could conclude that Harris met United's legitimate job expectations.

---

**2.** The protected class under the ADA encompasses "qualified individual[s] with a disability." 42 U.S.C. § 12112(a) (1994); *see also DeLuca v.*

*Winer Industries, Inc.,* 53 F.3d 793, 797 n. 3 (7th Cir.1995).

Even if Harris could demonstrate a *prima facie* case against United, no reasonable jury could find that United's articulated, nondiscriminatory reason for discharging Harris was not the true reason, but rather a pretext for discrimination. United claims that Harris was discharged "for his failure to maintain an acceptable dependability record." (Harris 12(M) at ¶ 18–21). As stated above, Harris had been counseled and reprimanded repeatedly over the course of his employment concerning his unauthorized absences and excessive tardiness. In addition, Harris continued to arrive late and accrue absences after his final warning. (Harris 12(M) at ¶ 23). As a result of Harris' continued tardiness and absenteeism, United discharged him. Because no reasonable jury could find that United discharged Harris for any reason other than his lack of dependability, the court need not reach the pretext analysis.

Harris has failed to set forth sufficient facts demonstrating that a material issue of fact exists as to his eligibility as a "qualified individual" under the ADA and United's reason for discharge. Therefore, United's motion for summary judgment is granted as to Harris' claim for discrimination based on disability.

## III. RETALIATORY DISCHARGE

To succeed on a claim for retaliatory discharge under Illinois law, a plaintiff must demonstrate: (1) that he was an employee of the defendant prior to his injury; (2) that he exercised a right guaranteed by the Illinois Workers' Compensation Act; and (3) that his discharge was causally related to the exercise of that right. *Sweat v. Peabody Coal Co.*, 94 F.3d 301, 304 (7th Cir.1996) (citing *Kelsay v. Motorola, Inc.*, 74 Ill.2d 172, 23 Ill.Dec. 559, 563-65, 384 N.E.2d 353, 357-59 (1978)). "[T]he element of causation is not met if the employer has a valid basis, which is not pretextual, for discharging the employee." *Hiatt v. Rockwell Int'l Corp.*, 26 F.3d 761, 767 (7th Cir.1994) (citing *Hartlein v. Illinois Power Co.*, 151 Ill.2d 142, 176 Ill.Dec. 22, 30, 601 N.E.2d 720, 728 (1992)).

In this case, Harris has not set forth sufficient facts demonstrating that his discharge was causally related to the exercise of a right guaranteed by the Illinois Workers' Compensation Act. On the contrary, all the record indicates is that Harris was terminated for his failure to maintain an acceptable dependability record. (Harris 12(M) at ¶ 18–21). Harris simply presents no plausible evidence that the true basis for his termination was retaliation for filing a workers' compensation claim. In addition, Harris' union chose not to pursue his grievance against United concerning his termination. (Harris Dep. Ex. 15; Harris Dep. at 88–89). Therefore, no reasonable jury could conclude that Harris' discharge was causally related to his filing of a workers' compensation claim.

Harris has failed to set forth sufficient facts demonstrating that a material issue of fact exists regarding the relation of his discharge to the filing of his workers' compensation claim. Therefore, United's motion for summary judgment is granted as to Harris' claim for retaliatory discharge.

### Conclusion

For the reasons set forth above, the court grants United's motion for summary judgment on all three counts of Harris' complaint.