**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 27 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DERRICK R. PARKHURST,
DONALD GEE and PATRICK JOHN
MCATEE,

       Plaintiffs - Appellants,

v.

JUDITH UPHOFF, in her official
capacity as Director of State
Penitentiary Wyoming Department of
Corrections; DUANE SHILLINGER,
in his official capacity as Warden of
State Penitentiary Wyoming
Department of Corrections; RONALD
G. RUETTGERS, in his official
capacity as Maximum Security Unit
Manager, State Penitentiary Wyoming
Department of Corrections; CAPTAIN
STAN JAMES, in his official capacity
as Security Manager, State
Penitentiary Wyoming Department of
Corrections; DAWNA ERICKSON, in
her official capacity as Education
Department Director, State
Penitentiary Wyoming Department of
Corrections; CANDACE HAWK, in
her official capacity as Education
Department employee, State
Penitentiary Wyoming Department of
Corrections; JERRY STEELE, in his
official capacity as Medium Security

No. 95-8003
(D.C. No. 93-CV-115)
(District of Wyoming)

Unit Manager, State Penitentiary
Wyoming Department of Corrections;
BILL HETTGAR, in his official
capacity as Minimum Security Unit
Manager, State Penitentiary Wyoming
Department of Corrections; GARY
STARBUCK, in his official capacity
as Honor Farm Superintendent,
Wyoming Department of Corrections;
JACK J. SEXTON, in his official
capacity as Honor Conservation Camp
Superintendent, Wyoming Department
of Corrections,

        Defendants - Appellees.

---

## ORDER AND JUDGMENT[*]

---

Before **ANDERSON**, **LUCERO** and **MURPHY**, Circuit Judges.

Prisoners bringing 42 U.S.C. § 1983 claims must exhaust available administrative remedies, pursuant to 42 U.S.C. § 1997e. We are asked to decide whether § 1997e requires prisoners to exhaust those remedies with "good faith." The district court held that § 1997e requires a good faith effort to resolve

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

grievances. The district court looked to the statute's purpose as expressed in the legislative history, which was to reduce prisoner cases and facilitate improved relations between prisoners and prison officials. Finding that plaintiffs had not "made a good faith effort to resolve their dispute in the grievance process," the district court dismissed their § 1983 suit with prejudice. We affirm the dismissal on other grounds, but reverse the "with prejudice" part of the dismissal.

Plaintiffs' complaint alleges inadequate access to court. Specifically, they complain of denial of access to an adequate law library, adequate research materials, and trained legal assistants. Raising each of these complaints, plaintiffs perfunctorily filed administrative grievances and appeals, thereby technically exhausting all available administrative remedies.

On appeal, plaintiffs protest the district court's requirement of good faith, which, as they put it, requires exhaustion "with a smile." We do not decide whether § 1997e requires a good faith effort on plaintiffs' part because plaintiffs lack standing to bring an access-to-court claim.

A recent Supreme Court case, Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996), holds that to have standing to raise an access-to-court violation, a prisoner must demonstrate actual injury. A prisoner "cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense." Id. Rather, the prisoner "must go

one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Id.; see also Treff v. Galetka, 74 F.3d 191, 194 (10th Cir. 1996) (requiring prisoner to "show that any denial or delay of access to the court prejudiced him in pursuing litigation").

Plaintiffs' only allegation of injury appears in their amended complaint: "The violations of plaintiffs' rights to access to the courts and to petition for redress of grievances, detailed above [regarding delayed access to legal materials and disastrous advice from legal assistants], has [sic] prejudiced numerous of the plaintiffs--both named plaintiffs and unnamed members of the plaintiff class--in various court actions, both criminal and civil." R. 82 at 17. This sweeping allegation of injury is too conclusory to demonstrate that the denial of legal materials has actually hindered plaintiffs' efforts to pursue any nonfrivolous claim. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (although pro se pleadings are liberally construed, conclusory allegations will not suffice). Because plaintiffs have not alleged sufficient injury from the allegedly inadequate access to court, they lack standing to bring an access-to-court claim, and we conclude their complaint was properly dismissed.

However, because we base dismissal on lack of standing rather than failure to exhaust remedies, the dismissal should be without prejudice. See Korvettes,

Inc. v. Brous, 617 F.2d 1021, 1024 (3d Cir. 1980) (a dismissal on jurisdictional grounds is not a dismissal on the merits and should ordinarily be without prejudice).   We AFFIRM the dismissal, but REVERSE insofar as the dismissal was "with prejudice."  We REMAND with instructions to dismiss without prejudice.  Appellee's motion to strike the appendix is DENIED as moot.  The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge