**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 1 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

Ronald R. Blackwell,

      Plaintiff - Appellant,

v.

Marvin T. Runyon, Postmaster General,

      Defendant - Appellee.

No. 96-6406
(D.C. No. Civ-96-1231-A)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **BALDOCK** and **LUCERO**, Circuit Judges.

Plaintiff Ronald Blackwell appeals pro se from summary judgment granted to

Marvin Runyon, the Postmaster General, on claims arising out of his constructive

discharge on July 29, 1993. In the district court, Blackwell's complaint alleged violations

of the Rehabilitation Act of 1973, 29 U.S.C. § 794, Title VII, 42 U.S.C. § 2000e-16, and

the First and Fifth Amendments to the United States Constitution. The district court

---

[*]The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 36.3.

granted summary judgment, holding that Blackwell's discrimination claims were barred by his failure to properly follow the administrative grievance process, and that statutory remedies foreclosed his right to bring separate constitutional claims. On appeal, Blackwell has abandoned his constitutional claims, but argues that he should be allowed to proceed with his Title VII and Rehabilitation Act claims.

Blackwell, a postal employee with many years of tenure at the Edmond and Oklahoma City postal facilities, was forced to resign on July 29, 1993, after being confronted by postal inspectors with alleged mail tampering. The next day he was arrested for mail tampering. At the time of his forced resignation, Blackwell was suffering from post-traumatic stress disorder caused in part from his witnessing a 1986 massacre by a disgruntled employee at the Edmond post office (in which 14 people were murdered). According to Blackwell's affidavit in response to summary judgment, the day of his resignation he called his union representative for advice but was rebuffed. Blackwell was then committed to a hospital for ten days to undergo psychiatric evaluations, after which he was released on his own recognizance. A number of medical evaluations performed in 1993 suggest that Blackwell continued to suffer from psychiatric disorders, but none state that he could not care for himself or administer to his affairs. In November, 1993, Blackwell entered into a plea bargain of his criminal case, apparently with the assistance of an attorney, and received a sentence of probation and an order to continue counseling.

2

On February 2, 1994, 187 days after his constructive discharge, Blackwell contacted a Postal Service EEO Counselor regarding his discharge. The EEO complaint form, which states that Blackwell was represented by counsel, alleged that his dismissal was in retaliation for previous EEO activity, and also in violation of the Rehabilitation Act because the Postal Service did not take his documented mental disability into account when orchestrating his discharge. His complaint was denied by the Postal Service and, upon appeal to the EEOC, the decision was affirmed. Both the Postal Service and the EEOC found that Blackwell's failure to contact an EEO Counselor within 45 days of his discharge barred his claims. Thereafter, Blackwell filed a complaint in federal district court. After the first complaint was dismissed for lack of service, Blackwell filed and served a second, identical complaint.

The district court, in granting summary judgment, held that Blackwell failed to exhaust his administrative remedies by waiting more than 45 days to contact an EEO counselor with his grievance and, thus, his claims were time-barred. While not treating this failure as a jurisdictional bar, the district court found, as had the EEOC before it, that equitable tolling was not applicable on the facts of the case. Although Blackwell may have been suffering from a mental disability, he had not provided evidence to support his claim of a diminished mental state sufficient to find that he had been prevented from asserting his rights.

3

Employees of the Postal Service may bring discrimination claims. See 42 U.S.C. 2000e-16; 29 C.F.R. § 1614.101. There are a number of administrative steps they must first complete before filing a complaint with the EEOC or filing a claim in federal court. See, e.g., 29 C.F.R. § 1614.105; Sampson v. Civiletti, 632 F.2d 860, 862 (10th Cir. 1980) ("[B]efore an applicant can properly invoke the jurisdiction of a court under [42 U.S.C. § 2000e-16] he must exhaust his administrative remedies.").[1] As a first step, "[a]n aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). The regulation does allow the agency or the EEOC to extend the 45 day time limit when

> the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for any other reasons considered sufficient by the agency or the Commission.

---

[1]It is unclear whether the failure to timely comply with administrative prerequisites is a jurisdictional bar to filing a discrimination claim in federal court, or whether the failure merely operates as an affirmative defense, like a statute of limitations defense. The Supreme Court has held that the failure to file a timely charge with the EEOC in the private discrimination context is not jurisdictional, but is "a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). Our circuit, however, has continued to adhere to its previous statement that failure to exhaust administrative remedies is a jurisdictional bar to a federal court action. See Jones v. Runyon, 91 F.3d 1398, 1399 n.1 (10th Cir. 1996), cert. denied, 117 S. Ct. 1243 (1997).

29 C.F.R. § 1614.105(a)(2).

We review de novo the district court's grant of summary judgment, applying the same legal standard used by the district court. Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996). Summary judgment is appropriate if the record on file before the district court shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Id. On appeal, Blackwell states that he does "not believe that administrative convenience should EVER be allowed over hearing the merits of the case." Appellant's Br. at 5. As noted above, that simply is not the law. The real issue is whether Blackwell raised an issue of material fact as to whether the 45 day limit should be extended. Whether the failure to timely contact a counselor is treated as a jurisdictional bar or a time bar, the result is the same. See Jones, 91 F.3d at 1400 n.1.

We conclude that Blackwell has not raised facts precluding summary judgment that would entitle him to an extension under § 1614.105(a)(2). Specifically, Blackwell takes issue with the district court's conclusion that he was able to take care of his affairs, as evidenced by his procuring an attorney to represent him in his legal defense. Blackwell asserts on appeal that in reality his parents procured his attorney. Nowhere is this statement corroborated in the record. In fact, Blackwell's actions in dealing with his discharge and his subsequent arrest belie his claim of incompetence. While Blackwell is correct that the record does suggest that he was suffering from a medical disability, we cannot conclude that he has raised a question of material fact supporting his contention

that he "was prevented by circumstances beyond his control from contacting the counselor within the time limits."  § 1614.105(a)(2).

**AFFIRMED.**  The mandate shall issue forthwith.


ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge

6