Denise L. **SCHRODER**, Plaintiff,

v.

Marvin T. **RUNYON**, Postmaster General, United States Postal Service, Defendant.

No. Civ.A. 96–2261–GLR.

United States District Court, D. Kansas.

April 10, 1998.

Luis Mata, Evans & Mullinix, P.A., Kansas City, KS, for plaintiff.

Christina L. Medeiros, Office of United States Attorney, Kansas City, KS, for defendant.

### MEMORANDUM AND ORDER

RUSHFELT, United States Magistrate Judge.

Before the court is Defendant's Motion to Dismiss, or Alternatively, For Summary Judgment (doc. 37). Pursuant to Fed. R.Civ.P. 12(b)(1), defendant Marvin T. Runyon seeks an order dismissing the complaint of plaintiff for lack of subject matter jurisdiction. Alternatively, he seeks, pursuant to Fed.R.Civ.P. 56(b) and D.Kan. Rule 56.1, an order granting summary judgment in his favor on the claims of plaintiff. Plaintiff opposes the motion.

Plaintiff alleges that defendant unlawfully discriminated against her on the basis of her sex or gender in violation of Title VII, 42 U.S.C. § 2000e *et seq.* (Pretrial Order, doc. 42, ¶¶ 2–4.) She further alleges that defendant unlawfully retaliated against her for complaining of such discrimination. (*Id.* at ¶ 4.) She also alleges that defendant wrongfully discharged her under state law for exercising workers' compensation rights in 1994. (*Id.* at ¶¶ 3–4.)

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on August 8, 1995. She utilized a standardized form, which provides space to identify the person alleged to have taken discriminatory action, the alleged discriminatory action, the date of the alleged discriminatory act, and the corrective action sought by the complainant. Plaintiff reported that a supervisor in charge, Brenda Marts, took discriminatory action against her on March 8, 1995 by refusing all documentation from her doctors subsequent to an assault by Roger O'Neal, her direct supervisor. The form also provides eight boxes which a complainant can mark to identify the type of discrimination alleged. The boxes are labeled: Race, Color, Religion, National Origin, Sex, Age, Retaliation, and Disability. Plaintiff marked only the box labeled "Disability." The charge of discrimination filed with the EEOC contains no other allegations of discrimination and no allegations of retaliation. (Schroder Dep.Ex. 14, attached to Mem. in Supp. of Mot. to Dismiss, doc. 38, [hereinafter Mem. in Supp.].)

The court first addresses the motion to the extent it comes under Fed.R.Civ.P. 12(b)(1). That Rule allows defendant to assert, by motion, a defense that the court lacks subject matter jurisdiction. Fed.R.Civ.P. 12(h)(3) directs that "[w]henever it appears by sugges-

tion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." If the court lacks jurisdiction due to the failure of plaintiff to exhaust her administrative remedies, it must dismiss the Title VII claims.

Defendant suggests that the court lacks subject matter jurisdiction over the Title VII claims, because plaintiff failed to exhaust her administrative remedies. She did not allege retaliation or discrimination based upon sex or gender in her charge to the EEOC. Plaintiff contends that she adequately exhausted her administrative remedies. She claims she did not indicate discrimination or retaliation based upon sex or gender, because she "was in a hurry and was trying to take care of her young children at that time." She contends, furthermore, that her present claims are reasonably related to the allegations of assault and discrimination in her charge to the EEOC. She argues that defendant had notice of her sex or gender discrimination claim from previous complaints regarding an incident of June 12, 1994 with Roger O'Neal. She claims that those previous complaints provide sufficient notice to satisfy the liberal standards of Title VII.

█ A plaintiff must exhaust his or her administrative remedies before filing suit under Title VII. *Jones v. Runyon,* 91 F.3d 1398, 1399–1401 (10th Cir.1996), *cert. denied,* ──── U.S. ────, 117 S.Ct. 1243, 137 L.Ed.2d 326 (1997). "The suit may include allegations of discrimination reasonably related to the allegations listed in the administrative charge, including new acts occurring during the pendency of the administrative charge." *Aramburu v. Boeing Co.,* 112 F.3d 1398, 1409 (10th Cir.1997). "[C]onsideration of complaints not expressly included in an EEOC charge is appropriate where the conduct alleged would fall within the scope of an EEOC investigation which would reasonably grow out of the charges actually made." *Martin v. Nannie & the Newborns, Inc.,* 3 F.3d 1410, 1416 n. 7 (10th Cir.1993). "A party may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances." *Harrell v. Spangler, Inc.,* 957 F.Supp. 1215, 1219 (D.Kan.1997). Congress has estab-

lished various administrative remedies, which a plaintiff must exhaust prior to filing an action in federal court. Requiring exhaustion of these administrative remedies serves the dual purpose of providing the employer "notice of the charges and an opportunity to comply voluntarily with the statutes," *O'Shea v. Yellow Tech. Servs. Inc.,* 979 F.Supp. 1390, 1394 (D.Kan.1997) and affording "the EEOC the opportunity to settle disputes through conference, conciliation, and persuasion, thus avoiding unnecessary judicial action," *Antol v. Perry,* 82 F.3d 1291, 1296 (3d Cir.1996). "Allowing a complaint to encompass allegations outside the ambit of the predicate charge would circumvent the administrative agency's investigatory and conciliatory role as well as deprive the charged party notice of the charge." *Harrell,* 957 F.Supp. at 1219.

█ In this instance plaintiff has not exhausted administrative remedies related to the Title VII claims asserted in her civil complaint. The charge lodged with the EEOC provides no notice that she alleges retaliation or discrimination based upon sex or gender. "Although the Court must construe the EEOC charge liberally in order to effectuate the remedial purpose of Title VII, the crucial inquiry is whether the claims set forth in the civil complaint fall within the scope of the investigation that could reasonably be expected to grow out of the EEOC charges." *Id.* The charge of discrimination filed with the EEOC does not fairly encompass a claim for retaliation or discrimination based upon sex or gender. The scope of the investigation that one would reasonably expect to arise from that charge would not encompass the allegations of disability in her civil complaint here.

The administrative process afforded plaintiff ample opportunity to make the necessary allegations. The charge submitted to the EEOC contains boxes in which a complainant may indicate the type of discrimination alleged. Despite the existence of boxes labeled "Retaliation" and "Sex," plaintiff marked only the box labeled "Disability." She provides nothing in the body of the charge to indicate either retaliation or discrimination based upon sex or gender.

Rather, the charge merely contains facts relating to an alleged incident of March 8, 1995, in which Brenda Marts allegedly refused medical documentation from plaintiff. Nothing suggests that defendant treated her differently because she is female. Nothing suggests a claim of retaliation. The charge does not fairly encompass a claim for retaliation or discrimination based upon sex or gender merely because Roger O'Neal is a man and the plaintiff a woman. That plaintiff had previously complained of actions of Mr. O'Neal provides insufficient notice to defendant and the EEOC that the current charge encompasses the previous informal complaints. Defendant stopped processing the informal complaints, when plaintiff failed to formally pursue them. (Decl. of Donna M. Goza, attached to Mem. in Supp.)

The actual investigation which arose from the charge filed with the EEOC, furthermore, did not encompass the allegations made in the civil complaint. Sandra Boykins (formerly Sandra Williams), Senior EEO Complaints Processing Specialist of the United States Postal Service, informed plaintiff by letter that the EEOC had accepted her charge of discrimination for investigation. (Decl. of Sandra Boykins, ¶¶ 1–3, attached to Mem. in Supp.) Ms. Boykins identified the issue to be investigated as whether "[m]anagement failed to accept medical documentation submitted by complainant." (Letter from Williams to Schroder of 2/20/96, attached as Ex. A to Decl. of Boykins.) She identified the type of discrimination as "Disability (not specified)." (*Id.*) She informed plaintiff that, if she disagreed with the defined issue, then she must provide written objections within seven calendar days. (*Id.*) Ms. Boykins did not consider the charge of discrimination to be based upon retaliation or discrimination due to the sex or gender of plaintiff. (Decl. of Sandra Boykins, ¶ 8.) Her office has received no objections regarding the defined issue from plaintiff. (*Id.* at ¶ 7.)

The EEOC properly restricted the scope of its investigation to the facts and claims contained in the formal charge of discrimination. One cannot expect the EEOC to investigate a charge of retaliation or discrimination based upon sex or gender, when one

only alleges discrimination based upon disability. *See Antol,* 82 F.3d at 1296. Plaintiff reveals no facts in her EEOC charge which would reasonably invite investigation as to retaliation or discrimination based upon sex or gender. An allegation of discrimination based upon disability is "fundamentally different" from an allegation based upon sex or gender discrimination. *Robben v. Runyon,* No. 96–1154–JTM, 1998 WL 92237, at *5 (D.Kan. Feb.25, 1998). A claim of sex or gender discrimination is not reasonably related to an allegation of disability discrimination within an EEOC charge, furthermore, when the complainant does not mark the box indicating sex discrimination on the EEOC charge form, the body of the charge contains no reference to sex discrimination, and nothing in the charge suggests plaintiff was treated differently because of her gender. *See Harris v. United Air Lines, Inc.,* 956 F.Supp. 768, 771 (N.D.Ill.1996). Claims of discrimination based upon disability are generally "significantly different-in-kind" from claims of discrimination based upon sex or gender. *See Pell v. Trustees of Columbia Univ.,* No. 97 Civ. 0193(SS), 1998 WL 19989, *7 (S.D.N.Y. Jan.21, 1998) (finding the claims there at issue "significantly different-in-kind"). An allegation of gender or sex discrimination in a civil complaint is clearly distinct, furthermore, from a claim of disability discrimination alleged in a charge to the EEOC. *Cf. Nichols v. GMC,* 978 F.Supp. 743, 746 (S.D.Ohio 1997) (finding a claim of discrimination based upon a hostile work environment "clearly distinct" from discrimination based upon a disability). The court finds no reasonable relationship between the allegations of discrimination in the civil complaint and those in the formal charge of discrimination.

The court also finds that the retaliation alleged in the civil complaint does not reasonably relate to the formal charge of disability discrimination. Plaintiff alleges retaliation for engaging in protected activity prior to her formal charge of discrimination. When "a retaliatory act occurs prior to the filing of a charge and the employee fails to allege the retaliatory act or a retaliation claim in the subsequent charge, the retaliatory act ordinarily will not reasonably relate to the

charge." *Seymore v. Shawver & Sons, Inc.*, 111 F.3d 794, 799 (10th Cir.), *cert. denied,* —— U.S. ——, 118 S.Ct. 342, 139 L.Ed.2d 266 (1997). Such a rule comports with the purposes of the filing requirements of Title VII. *Id.*

The expected scope of the investigation resulting from the filed charge of discrimination would be limited to the alleged disability discrimination. Neither defendant nor the EEOC were put on notice of a claim for retaliation or sex or gender discrimination. Plaintiff thus failed to exhaust administrative remedies for her retaliation and discrimination claims based upon sex or gender. Failing to raise a particular discrimination claim before the EEOC precludes a plaintiff from raising that claim in federal court. *McCoin v. Secretary of Veterans Affairs,* No. 96–4104–SAC, 1996 WL 772602, at *3 (D.Kan. Dec.20, 1996), *aff'd,* 132 F.3d 43 (10th Cir. 1997).

The Tenth Circuit Court of Appeals has recently expressed uncertainty as to whether the failure to comply with administrative prerequisites is a jurisdictional bar to filing a discrimination claim in federal court, or whether the failure merely operates as an affirmative defense, which is subject to waiver, estoppel, and equitable tolling. *See Blackwell v. Runyon,* 116 F.3d 1489, No. 96–6406, 1997 WL 362267, *2 n. 1 (10th Cir. July 1, 1997) (Table; text on Westlaw) (noting that "[i]t is unclear whether the failure to timely comply with administrative prerequisites is a jurisdictional bar to filing a discrimination claim in federal court, or whether the failure merely operates as an affirmative defense, like a statute of limitations defense"). The Circuit had previously expressed similar uncertainty in *Jones v. Runyon,* 91 F.3d 1398, 1399 n. 1 (10th Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 1243, 137 L.Ed.2d 326 (1997). In *Jones* the court recognized a possible inconsistency between finding exhaustion jurisdictional and a previous ruling of the United States Supreme Court, *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). The *Jones* court noted the inability of one panel of the Circuit to overrule another panel and then determined that the dis-

tinction was immaterial on the facts then before it. 91 F.3d at 1399 n. 1. *Blackwell* likewise found the distinction immaterial on the facts before it. 1997 WL 362267, *2 n. 1.

This court also finds that, on the facts before it, whether exhaustion of administrative remedies is a jurisdictional bar or merely operates as an affirmative defense has no bearing on the ultimate conclusion of the court. Under either view, the court must dismiss the Title VII claims of plaintiff for her failure to exhaust administrative remedies. Such failure precludes her from bringing suit in federal court, regardless of whether exhaustion is a jurisdictional prerequisite or simply an affirmative defense, which is subject to waiver, estoppel, and equitable tolling. Were the court to consider exhaustion to be no more than an affirmative defense, it would dismiss the Title VII claims of plaintiff. Defendant timely asserted in its Answer (doc. 21) that plaintiff failed to exhaust her administrative remedies. It preserved the defense in the Pretrial Order (doc. 42). Neither estoppel nor equitable tolling, furthermore, appear applicable to save the Title VII claims.

In this case the court also finds exhaustion of administrative remedies to be jurisdictional in nature. The court has a duty to determine its jurisdiction over a particular case. Absent jurisdiction of the subject matter, the court has no authority or power to act on it. After reviewing precedents from the United States Supreme Court, Tenth Circuit Court of Appeals, and the District of Kansas, the court concludes that the failure of plaintiff here to exhaust administrative remedies deprives the court of jurisdiction over the subject matter of her Title VII claims.

The uncertainty noted by *Jones* and *Blackwell* stems from the United States Supreme Court decision of *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). The Supreme Court held that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." 455 U.S. at 393. Subsequent to *Zipes* the Tenth Circuit Court of Appeals has, nevertheless, held that

exhaustion of administrative remedies is a jurisdictional prerequisite to pursuing a Title VII action in federal court. *See, e.g., Woodman v. Runyon,* 132 F.3d 1330, 1341 (10th Cir.1997); *Knopp v. Magaw,* 9 F.3d 1478, 1479 (10th Cir.1993); *Khader v. Aspin,* 1 F.3d 968, 970 (10th Cir.1993). The Circuit has reasserted the proposition in a number of recent unpublished opinions. *See, e.g., Craft v. Yellow Freight Sys., Inc.,* 139 F.3d 911, No. 97–1029, 1998 WL 72783, at *3 (10th Cir. Feb.23, 1998) (Table, text on Westlaw); *Edmond v. Athlete's Foot Group,* 129 F.3d 130, No. 96–1536, 1997 WL 699053, at *1 (10th Cir. Nov.10, 1997) (Table, text on Westlaw); *Phillips v. Widnall,* 125 F.3d 862, Nos. 97–2032, 97–2098, 97–2090, 1997 WL 606876, at *2–3, (10th Cir. Oct.2, 1997) (Table, text on Westlaw); *Baker v. Runyon,* 113 F.3d 1245, No. 96–6293, 1997 WL 235281, at *2 (10th Cir. May 9, 1997) (Table, text on Westlaw). Relying upon *Zipes,* the Circuit has also held, however, that the timeliness requirements of Title VII are not jurisdictional prerequisites to filing suit in federal court. *See, e.g., Roe v. Cheyenne Mountain Conference Resort, Inc.,* 124 F.3d 1221, 1228 (10th Cir.1997); *Biester v. Midwest Health Servs., Inc.,* 77 F.3d 1264, 1267 (10th Cir.1996); *Richardson v. Frank,* 975 F.2d 1433, 1435 (10th Cir.1991).

In *Mosley v. Pena,* 100 F.3d 1515 (10th Cir.1996) the Tenth Circuit Court of Appeals specifically differentiated between timeliness requirements and exhaustion. It noted that "[c]ompliance with the filing requirements of § 2000e–16(c) 'is not a jurisdictional prerequisite, rather it is a condition precedent to suit that functions like a statute of limitations and is subject to waiver, estoppel, and equitable tolling.' " 100 F.3d at 1518 (quoting *Million v. Frank,* 47 F.3d 385, 389 (10th Cir. 1995)). The court also noted, however, that "[a]dministrative exhaustion is a jurisdictional prerequisite to suit under 42 U.S.C. § 2000e–16." *Id.*

*Million* specifically states that "[c]ompliance with the filing requirements of Title VII is not a jurisdictional prerequisite, rather it is a condition precedent to suit that functions like a statute of limitations and is subject to waiver, estoppel, and equitable tolling." 47 F.3d at 389. *Million* does not itself limit the

statement to timeliness requirements of Title VII. Other decisions, however, have so limited it. *See, e.g., Belhomme v. Widnall,* 127 F.3d 1214, 1217 n. 1 (10th Cir.1997) (limiting *Million* to timeliness issues).

Cases in the District of Kansas have also discussed these issues. A recent decision, relying upon *Million,* appears to indicate that exhaustion of administrative remedies is not jurisdictional. *Robben v. Runyon,* No. 96–1154–JTM, 1998 WL 92237, at *4 (D.Kan. Feb.25, 1998) (citing *Million* ). The adequacy of a charge of discrimination filed with the EEOC was at issue in *Robben. Id.* Timeliness was not an issue. Other decisions from this District have also utilized broad language similar to that used in *Million* when addressing the jurisdictional issue, even when timeliness was at issue. *See, e.g., Gardner v. Prison Health Servs., Inc.,* 985 F.Supp. 1257, 1258 (D.Kan.1997); *Cameron v. Wofford,* 955 F.Supp. 1319, 1323 (D.Kan. 1997) (stating that "compliance with the filing requirements of Title VII is not a jurisdictional prerequisite"). Another case does not address any distinction between exhaustion in general and the timeliness requirements of Title VII. *See Zinn v. McKune,* 949 F.Supp. 1530, 1534 (D.Kan.1996) (relying upon *Zipes* and *Richardson* to find exhaustion of administrative remedies not jurisdictional even when timeliness was not an issue).

Other district court decisions have indicated that exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII. *Martin v. State,* 978 F.Supp. 992, 998 (D.Kan.1997) (adequacy of charge filed with EEOC at issue; timeliness was not at issue); *McCoin v. Secretary of Veterans Affairs,* No. 96–4104–SAC, 1996 WL 772602, at *3–5 (D.Kan. Dec.20, 1996), *aff'd,* 132 F.3d 43 (10th Cir.1997) (recognizing that equitable tolling should be considered under *Zipes* to the extent timeliness was at issue). Some cases, however, have held that timeliness requirements are not jurisdictional. *See, e.g., Bergman v. Sprint/United Mgmt. Co.,* 981 F.Supp. 1399, 1401 (D.Kan.1997) (recognizing that compliance with a "time requirement is not a jurisdictional prerequisite"); *Kidwell v. Board of County Comm'rs,* 978 F.Supp. 1439, 1441 (D.Kan.1997) (expressly stating that the

timely filing of charges "is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel and equitable tolling"); *Palmer v. Sprint,* No. Civ.A. 96–2503–GTV, 1997 WL 383065, at *2 (D.Kan. June 18, 1997) (holding that "[c]ompliance with [a] time requirement is not a jurisdictional prerequisite"); *Davis v. Wesley Retirement Communities, Inc.,* 913 F.Supp. 1437, 1442 (D.Kan.1995) (holding that "a timely charge of discrimination with the EEOC or other state or local agency is not a jurisdictional prerequisite to suit in federal court").

Some district court cases have distinguished between actions brought against federal employers and those brought against private employers, whether or not timeliness was at issue. *Olds v. Alamo Group (KS), Inc.,* 889 F.Supp. 447, 450 n. 3 (D.Kan.1995) (timeliness at issue); *Parks v. Hayward's Pit, Inc.,* No. Civ.A. 93–2387–GTV, 1995 WL 164272, at *2–3 (D.Kan. Mar.6, 1995) (timeliness not at issue). Although *Zipes* might support such a distinction, the Tenth Circuit Court of Appeals has not definitively recognized one. It has, however, alluded to such a distinction. *See Blackwell v. Runyon,* 116 F.3d 1489, No. 96–6406, 1997 WL 362267, *2 n. 1 (10th Cir. July 1, 1997) (noting that the ruling in *Zipes* arose in "the private discrimination context") (Table, text on Westlaw). The court need not determine here whether the Tenth Circuit would make the distinction. The distinction makes no difference in the case before the court, as this case involves a federal employer. The distinction itself, moreover, indicates acceptance of a general rule that exhaustion is jurisdictional in discrimination cases against a federal employer. *Olds* and *Parks* made the distinction to escape being bound to precedent of the Tenth Circuit Court of Appeals that "exhaustion of administrative remedies is a jurisdictional prerequisite to instituting a Title VII action in federal court." *See Olds,* 889 F.Supp. at 450 n. 3 (quoting *Khader,* 1 F.3d 968); *Parks,* 1995 WL 164272, at *2–3.

In summary, precedent of the Tenth Circuit Court of Appeals exists for finding exhaustion of administrative remedies jurisdictional in nature. *E.g., Woodman,* 132 F.3d at

1341; *Knopp,* 9 F.3d at 1479; *Khader,* 1 F.3d at 970. An older case states it succinctly: "The exhaustion of administrative remedies is a jurisdictional prerequisite to a suit alleging federal employment discrimination." *Williams v. Rice,* 983 F.2d 177, 180 (10th Cir.1993). After noting the uncertainty caused by the *Zipes* decision, *Jones* and *Blackwell,* nevertheless, recognize such binding precedent. *See Jones,* 91 F.3d at 1398 and n. 1; *Blackwell,* 1997 WL 362267, *2 n. 1. It appears that the Tenth Circuit has limited *Zipes* to its facts. *See Jones,* 91 F.3d at 1398 and n. 1 (making distinction between a timely filing of an EEOC charge and no filing of such a charge); *Blackwell,* 1997 WL 362267, *2 n. 1 (making the same distinction as *Jones* and noting that the ruling in *Zipes* arose in "the private discrimination context"). The Tenth Circuit has expressly stated, furthermore, that

> *Zipes* held only that the timeliness requirement for administration charges is, like a statute of limitations, subject to such equitable exceptions as waiver, estoppel, and tolling. That holding does not undercut this court's exhaustion rule—adhered to before and after *Zipes* —that the administrative process must still be pursued before jurisdiction in federal court can be invoked.

*Hawkins v. Defense Logistics Agency of the Dep't of Defense, United States,* 99 F.3d 1149, No. 95–6441, 1996 WL 606469, at *1 n. 1 (10th Cir. Oct.23, 1996) (Table, text on Westlaw); *see also, Belhomme v. Widnall,* 127 F.3d 1214, 1217 n. 1 (10th Cir.1997) (limiting *Million* to timeliness issues).

The court has found nothing to support a conclusion that the failure of plaintiff here to exhaust her administrative remedies is in the nature of a statute of limitations, rather than jurisdictional. The issue is whether the filed charge of discrimination adequately apprised the EEOC and defendant of the charges against defendant. The court has found that the filed charge failed in that respect. The issue is not one of timeliness, but of adequacy and completeness. When a complainant files a charge of discrimination with the EEOC, but asserts different claims of discrimination in his or her civil complaint, the court views

the additional claims as never being properly presented to the EEOC; unless the alleged conduct in the civil complaint would fall within the scope of the EEOC investigation reasonably proceeding from the charges filed with the EEOC. "Federal courts lack jurisdiction to entertain Title VII claims not first filed with the EEOC." *Craft v. Yellow Freight Sys., Inc.*, 139 F.3d 911, No. 97–1029, 1998 WL 72783, at *3 (10th Cir. Feb.23, 1998) (Table, text on Westlaw) (citing *Seymore v. Shawver & Sons, Inc.*, 111 F.3d 794, 799 (10th Cir.), *cert. denied,* — U.S. ——, 118 S.Ct. 342, 139 L.Ed.2d 266 (1997)).

The general rule in the Tenth Circuit appears to be that exhaustion of administrative remedies is jurisdictional. Accordingly, the court dismisses the Title VII claims of plaintiff without prejudice. A dismissal on jurisdictional grounds is not a dismissal on the merits and should ordinarily be without prejudice. *Parkhurst v. Uphoff,* 108 F.3d 1388, No. 95–8003, 1997 WL 139766, at *2 (10th Cir. Mar.27, 1997) (Table, text on Westlaw). Dismissal without prejudice appears the proper action, furthermore, when a plaintiff has failed to exhaust administrative remedies. *See, e.g., Hass v. United States Air Force,* 848 F.Supp. 926, 930 (D.Kan.1994); *Williams v. United States Post Office,* 866 F.Supp. 1320, 1321 (D.Kan.1994).

The court next addresses the fate of the state law claim of retaliation. Citing *Brown v. General Services Administration,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976) and *Boyd v. Runyon,* No. 94–1557–JTM, 1996 WL 294330, at *4 (D.Kan. May 23, 1996), defendant argues that Title VII provides the exclusive remedy for claims of discrimination and retaliation against federal agencies. The court agrees. "[A] federal employee's only avenue for judicial relief from federal employment discrimination is through Title VII." *Belhomme v. Widnall,* 127 F.3d 1214, 1217 (10th Cir.1997). "Title VII provides the exclusive remedy for claims of discrimination and retaliation against the government." *Boyd,* 1996 WL 294330, at *4. Accordingly the court dismisses the state law claim of retaliation with prejudice.

Relying upon *Brock v. United States,* 64 F.3d 1421 (9th Cir.1995), plaintiff contends that Title VII is not her exclusive remedy. *Brock* held that Title VII does not preempt a claim for negligent supervision under the Federal Tort Claims Act, when the alleged discriminatory conduct consisted of rape and sexual assault. 64 F.3d at 1423–25. The court finds *Brock* distinguishable on its facts. The Ninth Circuit took great care to limit its holding to "the highly personal nature of the harms inflicted" on the plaintiff. *Id.* at 1423. Plaintiff here has not alleged the highly personal wrongs present in *Brock.* The District of Kansas has addressed the issue, furthermore, and held Title VII to be the exclusive remedy in cases similar to the present one. *See Boyd,* 1996 WL 294330, at *4. The court will follow *Boyd.*

For the foregoing reasons, the court sustains Defendant's Motion to Dismiss, or Alternatively, For Summary Judgment (doc. 37). It dismisses the Title VII claims of plaintiff without prejudice and the state law claim of retaliation with prejudice. It directs the Clerk of the Court to enter judgment for defendant.

IT IS SO ORDERED.